CITY OF NEWTON & others *vs.* TRUSTEES OF
STATE COLLEGES.

Middlesex.    May 7, 1971. — June 15, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & BRAUCHER, JJ.

*Eminent Domain,* Authority for taking, Validity of taking.    *Trustees of State Colleges.*

Authority to take real estate by eminent domain was not conferred on the Trustees of State Colleges by St. 1968, c. 476, § 2, item 8069-52, appropriating money "For the acquisition of certain land, or land with buildings thereon, by purchase or by eminent domain under chapter seventy-nine of the General Laws . . . and for the preparation of plans . . . including plans for . . . facilities on a site to be determined by the trustees of state colleges," and a purported taking of land by the trustees thereunder was invalid.

BILL IN EQUITY filed in the Superior Court on December 24, 1968.

The suit was heard by *Good,* J.

*James D. St. Clair* (*Stephen H. Oleskey* with him) for the interveners, Samuel S. Dennis, III, & others.

*Kevin P. Curry,* Assistant Attorney General (*Thomas J. Crowley,* Assistant Attorney General, with him), for the Trustees of State Colleges.

*Melvin J. Dangel,* City Solicitor, for the City of Newton, *Edward F. McLaughlin, Jr., & Stuart R. Johnson,* for Trustees of the Chestnut Hill Farm Association, joined in a brief.

BRAUCHER, J.    The plaintiffs, the City of Newton and the Trustees of the Chestnut Hill Farm Association, sought a declaration that a certain taking by the defendants of 30.9 acres of land in the city belonging to the plaintiff trustees and of related rights of way was invalid and that subsequent takings by the city of the same land and additional land were valid.    Several residents of the vicinity were permitted

to intervene as plaintiffs. After trial the judge made a report and a final decree declaring that the taking by the defendants was valid and the subsequent attempted takings by the city were void, and the plaintiffs appealed.

The defendants are the members of the Board of Trustees of State Colleges established pursuant to G. L. c. 15, § 20A, as amended through St. 1965, c. 572, § 3. Their powers are set forth in G. L. c. 73, and by § 19 of that chapter, the Massachusetts College of Art is under their jurisdiction. The powers so granted do not include the taking of land by eminent domain.

"The taking of real estate or of any interest therein by right of eminent domain may be effected in the following manner. A board of officers upon whom authority to take real estate by eminent domain on behalf of any body politic or corporate has been conferred by law . . . may adopt an order of taking . . . ." G. L. c. 79, § 1. "Where no other provision is made by law, a taking of land by eminent domain by or on behalf of the commonwealth shall be made by the governor and council . . . ." G. L. c. 79, § 2.

Statute 1968, c. 476, entitled, "An Act to provide for a capital outlay program for the commonwealth," provides in § 1 that "the sums set forth in section two of this act . . . are hereby made available . . . ." In § 2, under the heading "Department of Education" and the subheading "Massachusetts College of Art," is the following item 8069–52: "For the acquisition of certain land, or land with buildings thereon, by purchase or *by eminent domain under chapter seventy-nine of the General Laws* . . . and for the preparation of plans . . . including plans for . . . facilities on a site to be determined by the trustees of state colleges . . . $500,000" (emphasis supplied).

On November 14, 1968, the defendants voted to take the land in question "by authority of Acts of 1968, Chapter 476, item 8069–52, under the provisions of Chapter 79 of the General Laws, in the name of the Commonwealth of Massachusetts." No taking was made by the Governor and Council.

We hold that no authority to take real estate by eminent domain was conferred on the defendants by St. 1968, c. 476, item 8069–52, and that the purported taking by them was invalid. In the absence of such authority, the taking could be made only by the Governor and Council under G. L. c. 79, § 2.

Under art. 10 of the Declaration of Rights "no part of the property of any individual can, with justice, be taken from him, or applied to public uses, without his own consent, or that of the representative body of the people." Statutes delegating the power to appropriate private property for a public use "must be construed with reasonable strictness, so that no citizen shall be deprived of the use and enjoyment of his land except by a valid exercise of the appropriating power subject to which all private property is held." *Burnham* v. *Mayor & Aldermen of Beverly*, 309 Mass. 388, 389. See *Trustees of Reservations* v. *Stockbridge*, 348 Mass. 511, 514. Numerous examples of explicit delegation are found in our statutes. ". . . [The board of regional community colleges] shall have the power to construct, lease or otherwise provide any facilities required for such colleges, including the right to take land for such purposes by eminent domain under the provisions of chapter seventy-nine." G. L. c. 15, § 28, as amended. "The aldermen of any city, except Boston, . . . may purchase, or take by eminent domain under chapter seventy-nine, any land . . . within the city . . . ." G. L. c. 40, § 14, as amended. No such explicit delegation of power to the defendants is found in St. 1968, c. 476, item 8069–52. The absence of such a delegation is emphasized by the explicit reference to the "site to be determined by" the defendants.

The defendants call our attention to an opinion of the Attorney General with respect to similar item appropriations made in 1965 and 1967, reaching a conclusion contrary to that reached here. Rep. A. G., Pub. Doc. No. 12 (1968) 180–181. They also point to numerous item appropriations containing language similar to that in issue here, and assert that such language is now commonly used by the General

Court to confer eminent domain power. We agree with the Attorney General that "there is nothing to prevent the General Court from combining an appropriation of funds with a grant of land-taking power in a single piece of legislation, if it chooses to do so. See *Yont* v. *Secretary of the Commonwealth,* 275 Mass. 365, 369." But the grant in this instance is limited, as the defendants concede, by the necessity of complying with G. L. c. 79; and unless other provision is made, G. L. c. 79, § 2, requires a taking by the Governor and Council if the taking is made by or on behalf of the Commonwealth.

The final decree is reversed. A declaration is to be made that the purported taking by the defendants was invalid. The case is remanded to the Superior Court for entry of a decree consistent with this opinion.

*So ordered.*