**Peter F. A. BELL et al., Appellants,**

**v.**

**John B. LINEHAN et al., Appellees.**

**No. 8166.**

Court of Civil Appeals of Texas, Texarkana.

Aug. 21, 1973.

Rehearing Denied Sept. 11, 1973.

William Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellant.

Durwood D. Crawford, Seay, Gwinn, Crawford & Mebus, Dallas, for appellee.

CORNELIUS, Justice.

This suit was filed by Peter F. A. Bell and Robert E. Grinnan against John B. Linehan and Patrick McEvoy, to recover damages for the alleged breach of a joint venture agreement. Robert E. Grinnan died prior to the trial and Mrs. Catherine Grinnan, Independent executrix of the estate of the deceased, was substituted as a party plaintiff. Trial was to a jury. Based upon answers favorable to Linehan and McEvoy, judgment was entered that plaintiffs take nothing, and they have appealed. The parties will be referred to here as in the trial court.

The first point of error urges that the trial court erred in suppressing the deposition of Robert E. Grinnan. We have concluded that such action on the part of the trial court was error and requires a reversal of this cause, thus making a detailed discussion of the facts or of the other points of error unnecessary.

Pursuant to agreement of the parties, Mr. Grinnan's deposition was taken by counsel for the defendants on July 27, 1970. It was transcribed and certified as correct on August 6, 1970, by Lonnie Eddings, notary public, Dallas County, Texas. On January 17, 1971, Mr. Grinnan died, and it was later discovered that he had never signed the deposition. On June 2, 1971, the motion of Mr. Grinnan's executrix to be substituted as a party plaintiff was granted. On February 9, 1972, the defendants made their motion to suppress the deposition. This motion was granted by the court on February 25, 1972. At the beginning of the trial, counsel for plaintiffs moved that the deposition be admitted into evidence. In support of this motion counsel for plaintiffs testified that he was present when the deposition was taken; that after the deposition was transcribed by the reporter it was submitted by plaintiffs' counsel to Mr. Grinnan by mailing; that shortly thereafter Mr. Grinnan brought it back to counsel's office and also brought certain information which was to be placed in the deposition at places designated therein; that Grinnan told his counsel that he had read the deposition and that it was correct; that counsel did not notice that it was not signed and did not discover that fact until the motion to suppress was filed; that counsel has no information as to why Grinnan failed to sign the desposition; that the deposition is truly and correctly transcribed; and that it contains the answers which Grinnan gave in adverse examination to the attorneys for the defendants.

The trial court declined to rescind its previous order suppressing the deposition and refused to admit any part of it.

Texas Rules of Civil Procedure, rule 209 governs the use of a deposition when it has not been signed. That rule reads as follows:

"Submission to Witness; Changes; Signing

"When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties; provided that when the witness is a party to the suit with an attorney of record the deposition officer shall notify such attorney of record in writing by registered mail that the deposition is ready for such examination and reading at the office of such deposition officer, and if the witness does not appear and examine, read and sign his deposition within twenty (20) days after the mailing of such notice the deposition shall be returned as provided herein for unsigned depositions.

"Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with the statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed; unless on motion to suppress, made as provided in Rule 212, the Court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part. As amended by order of July 20, 1954, effective Jan. 1, 1955."

A careful analysis of the rule leads us to conclude that the suppression of a deposition is authorized for lack of signature only when there has been a *refusal* by the deponent to sign it and the reasons given for such refusal require rejection of the deposition in whole or in part. It is not the mere lack of signature which justifies suppression, but reasons which may impugn the verity or reliability of the deposition. The rule, reduced to its essentials, provides:

"If the deposition is not signed, the officer shall sign it and shall state

the fact of:

(1) the waiver of signature; or

(2) the illness; or

(3) the absence of the witness

OR

the fact of:

(1) the refusal to sign, together with the reasons, if any, given therefor;

and the deposition may then be used as fully as though signed; unless on motion to suppress . . . the court holds *that the reasons given for the refusal to sign require rejection* of the deposition. . . ."

The rule is thus seen to be in two parts. The first part relates to lack of signature due to waiver, or the illness or absence (which would logically include absence due to death) of the witness. The second part relates to lack of signature due to the deponent's refusal to sign. It is when there is a refusal to sign that the additional reasons are required to be stated, and it is only when the "reasons for refusal" require rejection that the deposition cannot be used.

In this case there is no indication that there was a refusal of the deponent to sign. The undisputed evidence was that there had been simply a failure to sign, and that such failure, at least at the time the deposition was offered, was due only to

the death of the deponent. The uncontroverted testimony shows that the deponent had read the deposition and had said it was correct. Deponent's counsel testified he was present when it was made and it was correct. The reporter who took the deposition certified that it was a true and correct transcript of the testimony given by the witness on that occasion. Even defendants' attorneys who took the deposition and who asked every question therein, did not contend, either in the motion to suppress or elsewhere, that there was any incorrectness in the deposition. In fact, the motion to suppress gave no reason why the deposition should be suppressed, except that it was not signed and that certain information requested at one place had not been furnished.

■ It is true that the notary here, after the failure of Mr. Grinnan to sign, did not certify the reason for the lack of signature. Apparently the notary was not even aware that it had not been signed. At any rate, the notary did sign the deposition and certified that it was correct, and the testimony of plaintiffs' counsel explained the failure to sign and denied the existence of any fact which would cast doubt upon the verity or reliability of the deposition. We believe that together, these sufficiently complied with the requirements of Rule 209.

We have not been able to find a Texas case exactly in point on the question presented here. However, the source of Rule 209 is Federal Rule 30(e) and there is a case decided under that rule which is persuasive on the question involved here. In Paul v. American Surety Co. of New York (U.S.D.C.Tex.1955) 18 F.R.D. 68 as here, the deposition of the plaintiff was taken by the defendant. The plaintiff never signed the deposition. On motion to suppress, which was resisted by the affidavit of plaintiffs' attorney, which showed the illness of the deponent and the circumstances surrounding his failure to sign, the court held that under Federal Rule 30(e) the deposition should be admitted, although

not signed. As said by the court in that case,

"In the case of Ben Paul it appears that the interrogation was conducted by defendant, the objecting party, and that it was completed."

"The rule which favors the admissibility of evidence should be applied in doubtful cases."

The recently decided Missouri case of Coffel v. Spradley, 495 S.W.2d 735 (Mo. Ct.App.1973) is also persuasive. There, a deposition was held properly admitted although not signed, where the deponent had died after the taking of the deposition but before the trial. The provisions of the Missouri rule, as to lack of signature, are very similiar to the Texas rule. The court in that case held that under the rule, evidence that the deponent had died was sufficient reason to excuse his signature and qualify the deposition as evidence. There the court said:

"The signature of the witness goes to the form, rather than the substance of the deposition and is not in all events indispensible, as (the) Rule . . . . recognizes . . ."

■ Since the failure of Mr. Grinnan to sign the deposition, according to the uncontroverted testimony, was due to his death and there was no reason given in the motion to suppress or elsewhere requiring the rejection of the deposition, it was error for the trial court to suppress it.

■ A trial should be a search for truth, not an overly technical proceeding where relevant evidence is kept from the jury because of a mere formal omission. We can conceive of no reason why the testimony of a party to the suit, on thorough cross-examination by the opposing counsel should be kept from the jury merely because of the unfortunate death of that party prior to his signing the deposition. If the testimony in question had been to a court reporter in a previous trial between

the same parties, it clearly would have been admissible without signature of the witness, and merely upon the certificate of the reporter. Lone Star Gas Company v. State, 137 Tex. 279, 153 S.W.2d 681 (1941). We cannot see why the deposition here would be any less reliable.

■ Defendants claim that plaintiffs' evidence supporting their motion to admit the deposition, being made immediately prior to the beginning of the trial, came too late and the granting thereof would have surprised and unduly prejudiced the defendants. In view of the fact that the defendants arranged for and took the deposition and it was composed completely of their examination, we do not believe that they could have been surprised by the use of such deposition.

Defendants urge that if the suppression of the deposition was error, it was harmless. As to the exclusion of evidence, the harmless error rule in Texas, under Tex.R. Civ.P. 434 is that error will not be reversible unless it appears to the reviewing court that the exclusion of the evidence was reasonably calculated to and probably did result in an improper verdict. There are many different ways of interpreting the language of the rule, which range all the way from saying that the error must have substantially prejudiced the rights of the complaining party [City of Houston v. Charpiot, 292 S.W.2d 677 (Tex.Civ.App. Galveston 1956, ref'd, n.r.e.)] to saying that there must be more reason than not for believing that the error caused the rendition of an improper judgment. [Aultman v. Dallas Railway & Terminal Company, 152 Tex. 509, 260 S.W.2d 596 (1953)]. In an attempt to reconcile these interpretations, it has been suggested that the record as a whole, in the opinion of the appellate court, must afford substantial basis for the reasonable belief that the error may well have resulted in an improper judgment. Appellate Procedure in Texas, C.L.E.P. State Bar Texas, Sec. 17.6. Whatever the semantics, we believe it is obvious here that the exclusion of Grinnan's deposition

could not reasonably be classed as harmless error. It must be remembered that in excluding this deposition, the trial court denied plaintiff not only the benefit of material evidence on the issue involved, but in effect denied plaintiffs the right to use, at all, a witness who was a party to the very transactions involved in the suit. This was highly important, as a decisive issue in the suit was whether or not the joint venture agreement had been terminated by notice from the defendants to the plaintiffs or had been superseded by other agreements which plaintiffs claimed were only collateral. Grinnan testified in the deposition that the defendants had not terminated the original agreement but had agreed that plaintiffs still had the right to proceed under it, and that the other agreements were alternative options which did not supersede the original agreement.

To illustrate the gravity of refusing to allow the use of a *witness*, it has been held that when a witness is excluded for lack of competency and the reviewing court finds that the witness was competent, harmful error is presumed even without proof as to what the excluded witness might have testified. State v. Girdner, 287 S.W.2d 706 (Tex.Civ.App. Dallas 1956, no writ).

■ We have carefully reviewed the entire record, as well as the deposition of Mr. Grinnan, and we do not believe it can be reasonably said that the testimony of Mr. Grinnan would not have affected the verdict of the jury. To say that the verdict would have been different had the deposition been admitted, would be an attempt to delve into the mental processes of the jury and would be unrealistic speculation. We do believe, however, that the exclusion of the deposition rendered the trial materially unfair to the plaintiffs and may well have resulted in an improper judgment. In support of this view, we point out that there is considerable testimony in the deposition concerning matters within the knowledge of Mr. Grinnan, and which were not exactly covered by any other testimony on the plaintiffs' side.

The deposition itself contains 128 pages of testimony, all of it the equivalent of cross-examination, whereas the testimony of plaintiffs' other witness, including direct and cross-examination, covers only 74 pages. A careful review of the record convinces us that the excluded testimony was not merely cumulative, and that it was not only material to show some matters not precisely covered by the testimony of the other witness for the plaintiffs, but was significant in some areas as corroboration of that which was testified to by the plaintiff Bell.

For the reasons set out above, we conclude that the exclusion of the deposition was not harmless, but was "calculated to and probably did result in the rendition of an improper judgment" as we interpret such language, and that therefore the case must be reversed and remanded for a new trial. In view of this conclusion, it is not necessary to discuss the remainder of appellants' points, and they are not reached. Reversed and remanded.