Mildred Evlyn BELL, Appellant,

v.

BUDDIES SUPER–MARKET, Appellee.

No. 787.

Court of Civil Appeals of Texas,
Tyler.

Nov. 21, 1974.

Rehearing Denied Dec. 12, 1974.

Thorne, Thorne & Robertson, Inc., Michael A. Robertson, Grand Prairie, for appellant.

Cantey, Hanger, Gooch, Cravens & Munn, William L. Hughes, Jr., Fort Worth, for appellee.

MOORE, Justice.

Appellant Mildred Evlyn Bell instituted this suit against appellee Buddies Super-Market for damages for personal injuries sustained by her as a result of a fall on a walk ramp leading from a parking lot to the sidewalk in front of appellee's store in the City of Arlington, Texas. She alleged that her fall was caused by the steep slope of the ramp and alleged appellee was negligent in maintaining the ramp in such condition. The cause was submitted to the jury upon special issues. The only special issues material to this appeal are Issues Nos. 1 and 12. By Special Issue No. 1 the jury was instructed to find whether the appellee "maintained a dangerously sloping ramp on its premises." The jury answered "no." By Special Issue No. 12 the jury was instructed to find the amount of damages sustained by appellant for her injuries. The jury answered "none." Based on the jury's verdict the trial court entered a "take-nothing" judgment against appellant. After appellant's motion for new trial was overruled, she perfected this appeal.

We affirm the judgment of the court below.

By her first point of error appellant contends that the trial court erred in

excluding from the jury's consideration certain safety standards promulgated for the construction of ramps. The instruments excluded were (1) the Occupational Safety and Health Act, as passed by Congress in 1970, together with the Federal Register containing rules and regulations implementing the act as promulgated by the U. S. Secretary of Labor, (2) the Uniform Building Code which was adopted by the City of Arlington, and (3) the National Fire Protection Handbook. It is undisputed that the ramp in question was not constructed by appellee. The ramp had been in existence for approximately eleven years and was constructed at a point near appellee's store where the end of a sidewalk connects with the parking lot. Appellant argues that the publications were admissible before the jury for comparative purposes to assist the jury in determining the safety of the ramp. According to the testimony of William R. Cooper, appellant's expert witness, the slope of the ramp in question was 2.36 inches per foot. He testified that he was familiar with the foregoing publications and each contained safety standards for walk-ramps; that after consulting the publications he was of the opinion that in order for a pedestrian ramp to be safe it should not have a slope more than 1.2 inches per foot. Appellee's objections to the publication were sustained on the ground that the standards were irrelevant in that they were not in existence at the time of appellant's injury on February 2, 1971. Two of the publications appear in the record by way of a bill of exception. The construction standards promulgated by the Secretary of Labor were issued on October 18, 1972. The Uniform Building Code adopted by the City of Arlington shows to be the 1973 addition. The National Fire Protection Handbook does not appear in the record and therefore any error in excluding it is deemed to have been waived.

It is generally held that any regulation promulgated or adopted by any state agency or other authority, which was not in existence when the plaintiff's cause of action accrued, is irrelevant and is therefore not admissible in evidence. It has been said that it would be totally unreasonable to make such standard retroactive. Ward v. Hobart Manufacturing Co., 450 F.2d 1176 (Fifth Cir. 1971); Rodrigues v. Elizabethtown Gas Company, 104 N.J.Super. 436, 250 A.2d 408 (1969); Dominick v. Brockton-Taunton Gas Company, 359 Mass. 669, 255 N.E.2d 370 (1970). Since the publications in question were not shown to be effective at the time of appellant's injury, appellant's first point must be overruled.

■■■ In her second point appellant complains of the action of the trial court in excluding four photographs showing other pedestrian ramps constructed at other stores. Appellant maintains that the photographs were admissible in support of the testimony of her expert witness in order to illustrate the various safety measures described by him in his testimony as measures which appellee could have taken to make the ramp safe.

The record does not show when the ramps illustrated in the photographs were constructed. They do appear to be of modern construction. The ramp in question was constructed in 1960 or 1961. Appellee's objections to the photographs were sustained on the ground that they amounted to a prejudicial comparison between the older ramps and the new and modern ramp and would be cumulative of the testimony given by appellant's expert witness.

The record reveals that appellant's expert witness was allowed to fully describe the various safety measures which could have been taken to improve the safety of the ramp. He testified that hand rails could have been constructed; signals in the form of colors could have been painted on the ramp; the slope of the ramp could have been reduced; and abrasives or corrugation could have been applied to the floor-way of the ramp.

Generally speaking, photographs are admissible for the purpose of explaining and applying the evidence and assisting the court or jury in understanding the case. 32 C.J.S. Evidence § 709. The trial judge, however, is accorded considerable discretion in ruling on the admission and exclusion of photographic evidence. City of Fort Worth v. Barlow, 313 S.W.2d 906 (Tex.Civ.App., 1958, writ ref., n. r. e.); Hopper v. J. C. Penney Company, 371 S.W.2d 750 (Tex.Civ.App., Fort Worth, 1963, writ ref., n. r. e.). In view of the detailed testimony of appellant's expert witness as to the various safety measures which could have been installed to make the ramp safe, we do not believe there is anything in the pictures which would have persuaded a juror of ordinary intelligence to agree to a verdict contrary to that which he would have agreed without having seen the pictures. In our opinion the photographs were merely cumulative of the technical aspects of the safety measures already described by appellant's expert witness. In light of the entire record we do not believe it can be said that the error, if any, in excluding the photographs was calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

Appellant urges next that the trial court erred in excluding testimony of the witness, Elsie Bailey, with regard to her prior slips and near-falls on the ramp in question. Appellee's objection to her testimony was sustained on the ground that the proper predicate had not been laid to connect her experience with the ramp with the fall of appellant as to either place, condition or cause.

Evidence of other falls or near-falls attributable to the same conditions is recognized as probative evidence in determining whether such condition presents an unreasonable risk of harm to an invitee on the premises, provided an adequate predicate is established. Henry v. Mrs. Baird's Bakeries, Inc., 475 S.W.2d 288 (Tex.Civ. App., 1971, ref., n. r. e.). In establishing a predicate for other falls for the purpose of showing the premises were actually defective, it is essential that the defective condition allegedly causing the fall in question and the defective conditions causing the other similar falls were connected in some special way, indicating a relevancy beyond mere similarity in certain particulars. Dallas Ry. & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017 (1950). In other words, the evidence of other similar falls, to be admissible, must have arisen out of the same inanimate cause or condition. J. Weingarten, Inc., v. Brockman, 134 Tex. 451, 135 S.W.2d 698 (Comm. of App.1940); Safeway Stores Incorporated v. Bozeman, 394 S.W.2d 532 (Tex.Civ. App., Tyler, 1965, ref., n. r. e.); Seideneck v. Cal Bayreuther Associates, 451 S. W.2d 752 (Tex.Sup.1970).

Appellant testified that she fell when she took her first step from the sidewalk on to the ramp. She testified that as she made her first step on the ramp the downward slope of the ramp was so steep it felt as if she had stepped in a hole. She also testified that her foot slipped as she stepped on the ramp causing her to fall to her knees. In her deposition taken prior to trial she testified that her fall was solely caused by grease on the ramp. At the trial, however, she testified that she had been mistaken about the grease and that her fall was caused solely by the steep slope of the ramp.

In an effort to prove that the slope of the ramp was dangerous, appellant offered the testimony of Mrs. Bailey as to other near-falls sustained by her while using the ramp. Had she been permitted to testify, she would have testified that she had almost fallen on the ramp on two or three occasions at some undisclosed time prior to the time appellant fell. Her testimony fails to show whether her near-falls occurred as she ascended or descended the ramp. She testified that she did not know what caused her to almost fall but she "guessed" it was because her heel caught

on some rough cement on the ramp. At no time did she attribute her near-falls to the steepness of the slope of the ramp. Nowhere in her testimony did she say the slope of the ramp caused her to fall. The thing that caused her problem, according to her testimony, was the rough concrete. Obviously her near-falls were not attributable to the same condition which caused appellant's fall. Since Mrs. Bailey's difficulties in walking on the ramp were not shown to have been caused by the slope of the ramp, but were attributable to other causes, her testimony would not constitute any proof of the fact that the slope of the ramp was the cause of appellant's fall. Having failed to establish the proper predicate, appellant's proof of other falls was irrelevant. Appellant's third point is overruled.

Appellant urges by her fourth point that the trial court erred in refusing to grant her motion for a new trial on the ground of jury misconduct. She argues that the testimony of the jurors shows that the jury was guilty of misconduct in that the jury first decided that appellee should win the case and then answered the issues accordingly. The point is without merit and is overruled.

While the record contains a statement of facts of the hearing on motion for new trial, the trial judge did not file findings of fact or conclusions of law. There is no evidence that the jury first determined who should win the case. The evidence shows that after deliberation the jury decided upon a negative answer to Special Issue No. 1. Since all remaining liability issues were conditionally submitted upon an affirmative finding on Special Issue No. 1, the jury made no findings on the other liability issues. When the jury arrived at Special Issue No. 12, the damage issue, the jury concluded that no damages should be awarded appellant because of their finding on Special Issue No. 1 that the slope of the ramp was not dangerous. The evidence conclusively shows that all is-

sues in the charge were answered in numerical sequence. It appears that the decision by the jury not to award appellant any damages was brought about by a compulsion of logic and reason and evidenced no design on the part of the jury to effect an end by their findings regardless of the evidence. The jurors were bound to have known that their answer of "no" to the sole and only liability issue prevented a recovery of damages. The fact that the jurors knew the legal effect of their answers does not warrant the inference the verdict was a product of misconduct. Lyons v. Cope, 217 S.W.2d 116 (Tex.Civ.App., El Paso, 1948, n. w. h.); City of Fort Worth v. Miller, 336 S.W.2d 296 (Tex.Civ.App., 1960, ref., n. r. e.). By the order overruling appellant's motion for new trial, the trial court impliedly found that no jury misconduct occurred. There is ample evidence to support the trial court's finding. The finding is therefore binding on this court. Fountain v. Ferguson, 441 S.W.2d 506 (Tex.Sup.1969); Snow v. Harding, 180 S.W.2d 965 (Tex.Civ.App., San Antonio, 1944, ref. w. o. m.). Appellant's fourth point is overruled.

Finally appellant urges that the jury's negative finding in response to Special Issue No. 1 is not supported by the evidence and, alternatively, that the evidence is insufficient to support the jury's finding.

Where a jury returns a negative answer to an issue upon which the proponent has the burden of proof, the jury's negative answer need not be supported by affirmative evidence. Therefore, it avails the complaining party nothing to assert that a negative answer is without support in the evidence. Under these circumstances, the complaining party is placed in the position of having to contend that the evidence establishes the issue as a matter of law. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Review, 361, 363 (1960) and Smith v. Safeway Stores, Inc., 433 S.W.2d 217 (Tex.Civ.App., Tyler, 1968, ref., n. r. e.);

**452**

Ross v. Sher, 483 S.W.2d 297 (Tex.Civ. App., Houston, 1972, ref., n. r. e.). Since appellant makes no such contention, the "no evidence" complaint is overruled. With regard to the complaint that the evidence is factually insufficient, we have reviewed the entire record and after weighing all the evidence, both that in favor of the verdict as well as that contrary thereto, we do not believe that we would be justified in holding that the jury's verdict and the judgment based thereon is so against the overwhelming weight and preponderance as to be manifestly wrong and unjust. Appellant's fifth point is overruled.

The judgment of the trial court is affirmed.