**Hilda Willene KIMBRELL, Appellant,**

v.

**Gene DONNELL, Appellee.**

**No. 04-82-00609-CV.**

Court of Appeals of Texas,
San Antonio.

May 31, 1984.

M.C. Whitehead, Long & Whitehead, Karnes City, for appellant.

James L. Post, Victoria, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

OPINION

REEVES, Justice.

This is an appeal from an order of the trial court, based upon a jury's answers to

special issues, granting Gene Donnell's motion to change custody of two of the parties' children from the mother to the father.

■ Appellant, in point of error one, contends the trial court erred in its admission of the unsigned deposition of Gene Kimbrell, appellant's husband, into evidence.

The record reflects that Mr. Kimbrell's deposition was taken May 3, 1982, and counsel for appellant received the deposition some time in early June of 1982. Trial of this cause began September 20, 1982.

During the taking of the deposition the following conversation between opposing counsel was had:

Q: [Mr. Post—Appellee's Attorney]: As far as signatures are concerned, I'd like to have an agreement that normal procedure will be for each opponent to sign—to read and sign the deposition prior to trial and filing in accordance with the rules at least one day prior to trial. But, if any deponent fails to read, sign and file his or her deposition by the time of trial, that the deposition may be used at trial as though it has been signed and filed.

MR. CONANT [Appellant's attorney]: I can't agree to that, because I don't know what circumstances might possibly come up. Maybe somebody got sick. Maybe somebody didn't have time to sit down and go over it with me or whatever.

To the best of our natural ability, the things will be filed at last one day prior to trial, filed and signed.

MR. POST: All right. Well, I guess we don't have that agreement.

Appellant's counsel testified at trial that he had the depositions in his possession until eleven or twelve days prior to trial at which time he gave them to his co-counsel, Mr. Quillian. When questioned as to why he had not asked Mr. Kimbrell to sign his deposition he stated he did not because, "I didn't feel like I had the duty to do it." Counsel for appellant, who was present at the taking of the deposition, testified at

trial that he knew of no reason to question the verity or reliability of the testimony in the deposition.

When the deposition was offered into evidence, appellant objected on the grounds that the deposition was unsigned and was not filed one day prior to trial. This objection was overruled and part of the deposition was introduced.

It has been held that absence of a signature alone is not grounds for suppressing a deposition. *Hill v. Rich,* 522 S.W.2d 597, 600 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *Bryan v. United States Fire Insurance Co.,* 456 S.W.2d 702 (Tex.Civ.App.— Corpus Christi 1970, writ ref'd n.r.e.). "It is not the mere lack of signature which justifies suppression, but reasons which may impugn the verity or reliability of the deposition." *Bell v. Linehan,* 500 S.W.2d 228, 230 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.).

Appellant, as authority for exclusion of the deposition relies on *Zamora v. Romero,* 581 S.W.2d 742 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Bobbie Brooks, Inc. v. Goldstein,* 567 S.W.2d 902 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); and *Tian v. Warren,* 271 S.W.2d 453 (Tex.Civ.App.—San Antonio 1954, writ ref'd n.r.e.). *Zamora* held the deposition admissible because the signature was waived by agreement. *Bobbie Brooks, Inc.* held exclusion of an unsigned deposition containing testimony which was cumulative of matters otherwise fully developed was not error. *Tian* held that the exclusion of an unsigned deposition from evidence, but which was allowed to be used for impeachment purposes, was not error. We believe the case at bar is distinguishable from those relied upon by appellant and that there was no error in the admission of the deposition.

Appellant's counsel, after declining to stipulate to the waiver of signatures, told opposing counsel he would, to the best of his ability, procure the signature. This he did not do since he considered it was not his duty. Nothing in the record reflects Mr. Kimbrell was sick or did not have time to

go over the deposition with appellant's counsel. Absent a reason to doubt the verity and reliability of the unsigned deposition, its admission was not error. Point of error one is overruled.

Point of error two contends there is no evidence or insufficient evidence to support the finding that there had been a material and substantial change of circumstances for the children or appellant since the entry of the divorce decree. We disagree.

The unrebutted evidence establishes that at the time the decree was entered, appellant did not know her present husband, Gene Kimbrell. After the divorce decree was entered, appellant met, lived with and later married Gene Kimbrell. This, we believe is a material change of circumstances. *See Evans v. Tarrant County Child Welfare Unit,* 550 S.W.2d 144 (Tex.Civ.App.—Fort Worth 1977, no writ); *Wallace v. Fitch,* 533 S.W.2d 164 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Leonard v. Leonard,* 218 S.W.2d 296 (Tex.Civ.App.—San Antonio 1949, no writ). Point of error two is overruled.[1]

Point of error three is conditioned upon our holding there is no evidence or insufficient evidence of a material change of circumstances and need not be addressed because of our disposition of point of error two.

Points of error four and five are not briefed and are overruled. TEX.R.CIV.P. 418.

The judgment of the trial court is affirmed.

---

**1.** Of course a material change such as remarriage, standing alone, is not sufficient to warrant a change of custody. It is, however, the threshold question to be determined before the inquiry of the best interest of the children is reached. *See Watts v. Watts,* 563 S.W.2d 314 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). There is no point of error challenging the change of custody as it relates to the best interest of the child.