Mary Catherine KLORER, Appellant,

v.

Frank B. BLOCK, Individually and d/b/a For Ladies Only, Appellee.

No. 04–85–00186–CV.

Court of Appeals of Texas, San Antonio.

Sept. 24, 1986.

Rehearing Denied Oct. 14, 1986.

James A. Hall, San Antonio, for appellant.

Sharon E. Callaway, San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment rendered in favor of appellant Mary Catherine Klorer (Klorer) and against appellee Frank B. Block, individually and d/b/a FOR LADIES ONLY (Block). Klorer sued Block for injuries received when she slipped and fell from a floor riser at a retail clothing store. The jury found each party fifty percent (50%) negligent and, from a preponderance of the evidence awarded Klorer TEN THOUSAND AND NO/100 DOLLARS ($10,000.00) in total damages. Block moved for a judgment on the verdict which the trial court granted by rendering a final judgment for Klorer in the sum of one-half of the total damages or FIVE THOUSAND AND NO/100 DOLLARS ($5,000.00). The trial court also assessed interest on the judgment at the rate of ten percent (10%) per annum from the date of judgment plus court costs. Klorer filed a motion for new trial and Block filed a response. The trial court denied the motion for new trial.

Klorer alleges three points of error on appeal:

### POINT OF ERROR NO. ONE

The District Court erred in refusing to admit the unsigned deposition of eyewitness Kay Schillings.

### POINT OF ERROR NO. TWO

The District Court erred in suppressing the deposition testimony of Kay Schillings since prior acts are admissible to show knowledge and reckless disregard for the person and property of others.

## POINT OF ERROR NO. THREE

The District Court erred in excluding the deposition testimony of Kay Schillings since it was offered to impeach defendant's testimony that there were no previous incidents of a similar nature.

Block also alleges a single crosspoint: Should this court hold that the trial court's exclusion of the unsigned deposition was in error, we should nonetheless affirm the trial court's judgment because Klorer has not demonstrated that such exclusion was harmful error.

We will consider these points in order.

The pertinent unsigned deposition relates to the testimony of Block's store employee Kay Schillings (Schillings). Schillings is allegedly the only eyewitness to Klorer's fall from a floor riser at the For Ladies Only store. The court reporter present at Schillings' deposition testified she mailed the deposition to Schillings for her signature. Evidence in the form of a certified mail receipt acknowledging the delivery of the original deposition to the witness on December 24, 1984 is also in the record. The record is devoid of any evidence regarding an agreement or waiver of Schillings' signature.

The cause was tried on January 7, 1985. Unable to locate Schillings, Klorer attempted to use her unsigned deposition. Block objected to the admission of the unsigned deposition relying on the requirements of TEX.R.CIV.P. 205 (hereafter Rule 205). Block stated that not only was the deposition unsigned, but the alternative use of a court reporter's affidavit of non-signature was not triggered since twenty days had not expired as required by Rule 205. The trial court denied the admission of Schillings' unsigned deposition and allowed Klorer to perfect her Bill of Exceptions. In the preparation of her bill, Klorer called the court reporter who prepared Schillings' deposition. The court reporter testified to her correct and accurate transcription of the disputed deposition, to her inability to contact Schillings to locate the original deposition, and to her lack of any knowledge that would question the reliability of Schillings' deposition.

In response to Klorer's first point of error, Block urges this court to hold Schillings' deposition inadmissible for four basic reasons:

1) Klorer was simply not in compliance with Rule 205 because the deposition of Schillings was unsigned and twenty days had not passed allowing the use of a court reporter's affidavit of non-signature.

2) Block had no control or relationship with the deponent and therefore there is no lack of diligence on Block's part from which he seeks to benefit.

3) Klorer failed to elicit testimony as to the efforts she undertook to locate Schillings. Absent such evidence, a question as to the reliability of Schillings' deposition arises.

4) The trial court maintains discretion under Rule 205 to determine whether the reasons presented to it for the non-signature of the contested deposition are reliable.

Klorer alleges this court should reverse the trial court and remand this cause for a new trial because:

1) the reliability of Schillings' deposition is unchanged by the mere lack of her signature. Klorer also contends that Block failed to file a written motion to suppress pursuant to TEX.R.CIV.P. 207. According to Klorer, any objections by Block to the deposition are addressed to the lack of a signature and not to its questionable reliability.

2) Klorer urges that the practice regarding depositions is one of substantial compliance with the Texas Rules of Civil Procedure. As such, Klorer maintains there must be a refusal to sign the deposition in order for the alternative use of a court reporter's affidavit of non-signature to be used.

3) Klorer also urges that the evidence contained in the testimony of Schillings is not cumulative and would show certain matters not precisely covered by testimony in the record.

4) Klorer finally contends that the probable result of omitting Schillings deposition from the jury's consideration is the rendition of an improper judgment.

The true issue is whether an unsigned deposition of a non-party witness loses its reliability by virtue of its non-signature and the lack of a court reporter's affidavit assuring its verity. We hold that such a deposition may be admissible:

Rule 205 states:

> When the testimony is fully transcribed, the deposition officer shall submit the deposition to the witness or if the witness is a party with an attorney of record, to the attorney of record, for examination and signature, unless such examination and signature are waived by the witness and by the parties.
>
> Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with statement of the reasons given by the witness for making such changes. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the witness does not sign and return the deposition within twenty days of its submission to him or his counsel of record, the officer shall sign it and state on the record the fact of the waiver of examination and signature or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed; unless on motion to suppress, made as provided in Rule 207, the Court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part.

It is settled law that the absence of the signature alone is not grounds for suppressing a deposition. *Hill v. Rich,* 522 S.W.2d 597, 600 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *See Bryan v. United States Fire Insurance Co.,* 456 S.W.2d 702, 707 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.). "It is not the mere lack of signature which justifies suppression, but reasons which may impugn the verity or reliability of the deposition." *Bell v. Linehan,* 500 S.W.2d 228, 230 (Tex. Civ.App.—Texarkana 1973, writ ref'd n.r. e.).

Block's argument relies on the federal case of *Bernstein v. Brenner,* 51 F.R.D. 9, 11 (D.C.1970) for support of its contention that the trial court has complete discretion in cases involving an unsigned deposition in order to determine is admissibility. Block maintains that there must be exceptional circumstances which justify accepting the deposition and that the doctrine in the Texas case of *Bell v. Linehan,* 500 S.W.2d 228 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.) cannot be extended to mean that the lack of a signature will never support the suppression of a deposition. Block's argument is out of focus.

The analysis of Rule 205 in *Bell v. Linehan,* 500 S.W.2d at 230, is clear and applicable to the facts at bar.

> "A careful analysis of the rule leads us to conclude that the suppression of a deposition is authorized for lack of signature only when there has been a *refusal* by the deponent to sign it and the reasons given for such refusal require rejection of the deposition in whole or in part. It is not the mere lack of signature which justified suppression, but reasons which may impugn the verity or reliability of the deposition."[1]

The record in the instant case is devoid of any testimony tht Schillings' deposition was unsigned due to a refusal on her part to sign it. In Block's oral motion to suppress Schillings' deposition, Mr. Ezzell (attorney for Block) states:

---

**1.** Note the Texarkana Court of Appeals was concerned with TEX.R.CIV.P. 209 which is now

Rule 205 effective April 1, 1984.

"Your Honor, I'm going to object to any offer from Kay Schillings' deposition, as the deposition was not on file one day before the trial of this case, has not been signed by the witness, and under the current rules the court reporter cannot provide any affidavit of non-signature until after twenty days of submission to the witness."

Essentially, the undisputed evidence is that Schillings simply failed to sign the deposition. Nonetheless, absent a showing of fraud or alteration, the guarantee of reliability lies in the fact that Block had the opportunity to cross-examine Schillings at the taking of her deposition.

The facts in *Bell* are similar to the facts before us. In both cases Rule 205 is applicable because of the absence of a deponent. In *Bell*, the deponent was a party to the suit who failed to sign his deposition because of his premature death. In the case at bar, the deponent is the only eyewitness to the event whose unforeseen absence led to the inability to obtain her signature to an otherwise properly acquired deposition. Block misreads *Bell* to require the exceptional circumstance, such as death, to trigger the application of Rule 205 and its subsequent authorization of a court reporter's affidavit of non-signature. Rule 205 only requires that "the deposition shall then be signed by the witness, unless the parties by stipulation *waive* the signing or the witness is *ill* or *cannot be found* or *refuses to sign.*" (Emphasis added). This first part of Rule 205 expressly covers the facts before us in that Schillings could not be found. The second part of Rule 205 allowing for a substitution of a court reporter's affidavit of non-signature for the deponent's signature after twenty days have elapsed from the time of the deposition is submitted to the deponent or his counsel provides an opportunity, not a barrier, for attorneys to obtain evidence of reliability of the witness' deposition. The trial court's discretion in considering the admissibility of the deposition is applicable where the reason given for non-signature is the "refusal to sign."

The facts in the instant case can be distinguished from *Bell*. In *Bell*, the notary did not certify the reason for the lack of signature on the deposition and was not aware that it was unsigned. However, in our case the court reporter was aware of the non-signature despite the evidence that Schillings had received the original deposition. Furthermore, plaintiff's bill of exceptions reflects the court reporter diligently attempted to locate the witness, certified the deposition and testified that the deposition was correct. The failure to sign the deposition was explained by Klorer's attorney as simply missing, even though it was sent by certified mail. The witness' location was simply unknown. According to the Bill of Exceptions, Block objected to the admission of the deposition at trial on only two grounds:

1) The twenty days had not elapsed to enable the court reporter to submit an affidavit of non-signature; and

2) The deposition was not signed and filed prior to the trial of this case.

Block specifically acknowledged that their position was the same as in *Hill v. Rich*, 522 S.W.2d at 600, wherein:

"Appellants do not contend that the testimony Hill gave in his deposition was not properly recorded by the reporter who swore to it, and Hill himself later swore to the deposition without change or correction."

It is well settled that a substantial compliance with the law is sufficient in the absence of any charge of fraud. *United Producers' Pipeline Co. v. Lantry-Fike Construction Co.*, 238 S.W. 331, 332 (Tex.Civ. App.—Fort Worth 1921, writ dism'd w.o.j.). "To hold otherwise would be to give greater effect to the letter of the law rather than to its substance and spirit." *Id.* at 332.

Block would have this court deny the admissibility of Schillings' deposition because the deposition was not filed until the day of trial. Block cites this Court to *Zamora v. Romero*, 581 S.W.2d 742, 748 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.) as standing for the proposition that a deposition must be filed at least one

entire day before the day on which the case was set for trial. In fact, *Zamora* does hold that any deposition filed short of one day before trial is a late filing. *Id.* at 748. We can find no authority for this principle in the Texas Rules of Civil Procedure or in the case law.

In *Zamora,* a rancher brought an action against a property owner for damage to cattle caused by the owner's locking the rancher out of an easement which he used to gain access to his pasture. The parties agreed to waive all formalities regarding the defendant's deposition. The Court held that the agreement did not waive the requirements of the Texas Rules of Civil Procedure relating to the filing of the deposition in the court in which the case was pending. *Zamora,* 581 S.W.2d at 748. The court expressly held that the deposition was not timely filed in that the deposition should have been filed at least one entire day before the day on which the case was set for trial. *Id.* at 748. However, the Court admitted the deposition on the ground that it contained admissions against interest.

The case before us presents us with none of the issues which the court in *Zamora* found determinative. The deposition before us contains no admissions or declarations against interest and the deposition is not governed by an agreement between the parties. Furthermore, the court in *Zamora* cites no authority, in case law or statutes, that defines the timely filing of a deposition. As we read the rules of civil procedure, only notice is required:

> The person filing the deposition shall give prompt notice of its filing to all parties. Tex.R.Civ.P. 206(4).

Generally, if a statute prescribes no time for filing, it must be filed within a reasonable time before being used. 26A C.J.S. Depositions § 80(b) (1956). What is a reasonable time depends on the circumstances of each case. The focus of the filing and notice requirements are to prevent surprise and to allow each party to properly prepare for trial on the evidence that is acquired. Block does not argue that he was surprised by the attempted introduction of Schillings' deposition. Block simply argues that the deposition was not timely filed. We must respectfully disagree. While Klorer's use of the deposition immediately before she rested her case was no doubt inconvenient, it did not violate the stated liberal purpose of the discovery rules. *Martinez v. Rutledge,* 592 S.W.2d 398, 399 (Tex.Civ.App.— Dallas 1979, writ ref'd n.r.e.). Schillings' deposition was taken by Block and Block knew that she was an eyewitness whose testimony was vital to Klorer's position. Block could hardly argue surprise since he deposed Schillings. *See Bell,* 500 S.W.2d at 232.

■ TEX.R.CIV.P. 207(3) (hereinafter Rule 207(3)) states:

> 3. Motion to Suppress. When a deposition shall have been filed in the court and notice given at least one entire day before the day on which the case is called for trial, errors and irregularities in the notice, and errors in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, endorsed, transmitted, filed or otherwise dealt with by the deposition officer under Rules 205 and 206 are waived, unless a motion to suppress the deposition or one part thereof is made and notice of the written objection made in the motion is given to every other party before the trial commences.

The statement in Rule 207(3) that a deposition shall have been filed at least one entire day before the day of trial is a condition precedent to the filing of a *written* motion to suppress. This rule does not require that *all* depositions must be filed at least one entire day before the day of trial. Although Klorer's offer of Schillings' deposition was not filed at least one day before trial, Block's motion to suppress was properly made before the documents' admission into evidence. 31 Tex.Jur.3d *Discovery and Depositions* § 77 (1984).

■ Block also contends in his reply point to Klorer's first point of error that there was an insufficient explanation for the lack of signature and the trial court

retained discretion to reject the deposition pursuant to Rule 205 and *Bernstein v. Brenner,* 51 F.R.D. at 11. No Texas cases are cited as authority for this requirement. We hold that Rule 205 explicitly allows plaintiff the alternative use of the affidavit when the deponent "cannot be found" and places no express burden on the proponent of the deposition other than to prove the reliability of the deposition. The trial court must address itself to the issue of the deposition's verity and, absent a showing of fraud or alteration, must not be overly concerned with the absence of the witness. At bar, Klorer showed that the deposition was duly transcribed and no alterations were evident. The evidence was that no one knew the location of the witness. The record also reflects that the trial court was overly concerned with the location of the deponent and her failure to sign. Once it has been established that the witness could not be found and had simply failed to sign the deposition, absent any fraud the trial court must ask:

"Has the reliability of the deposition been changed such that its admission would result in irreconcilable harm to the opposing party?"

We hold the reliability of this deposition has not changed absent the deponent's signature alone.

■ Furthermore, the trial court's discretion under Rule 205 applies only to reasons given by the proponent of the deposition for the deponent's *refusal* to sign. These reasons are required to be given in response to a Rule 207 motion to suppress. We are not faced with a record evidencing the deponent's refusal to sign but rather simply a failure to sign.

The relationship of a party with a deponent can be determinative. *See Kimbrell v. Donnell,* 672 S.W.2d 307, 308 (Tex.App. —San Antonio 1984, no writ). However, the fact that Block exercised no control over Schillings even though he deposed her is of little significance to the outcome of this case since no arguments of fraud or deception have been asserted.

We conclude that Klorer substantially complied with the provisions of Rule 205. However in order to determine the deposition's admissibility, we must examine Klorer's point of error number two and the purpose for which Klorer offered the deposition.

■ Klorer's point of error number two alleges that Schillings' deposition was admissible to show Block's knowledge of prior acts and his reckless disregard for the person and property of others. We are guided by the test for admissibility announced in *Henry v. Mrs. Baird's Bakeries, Inc.,* 475 S.W.2d 288, 294 (Tex.Civ.App. —Fort Worth 1971, writ ref'd n.r.e.):

1) Predicate of "similar," or "reasonably similar" conditions.

2) Connection of the conditions in some "special way."

3) That the incidents occurred by means of the same instrumentality.

When plaintiff establishes any of the aforementioned predicates, evidence is probative as to:

1) The existence of a dangerous condition or instrumentality.

2) That some similar event could have happened.

3) The question of notice to the defendant of the existence of an alleged dangerous condition.

*Id.* at 294.

Furthermore, there is no requirement that the conditions of the prior accident be identical as the jury is perfectly capable of evaluating whatever minor variations that may exist along with the other elements of the case. *Id.* at 294–95.

In *Henry* the trial court was faced with testimony from a witness who had slipped on the same grease stained sidewalk as the plaintiff. Both witness and plaintiff were walking on rainy days on the sidewalk adjoining defendant's cake factory which negligently discharged grease onto the sidewalk and negligently failed to remove said substance. The trial court admitted wit-

ness' testimony and the appellate court affirmed because:

1) Evidence of "similar conditions" connected in some "special way" with the condition in question, or conditions which occur by means of the same "instrumentality" is probative on the issue of the existence of the condition in question.

2) Her testimony was in the nature of impeachment of the plant manager, Mr. Walloch. .

3) Her fall was well within the time boundaries established by the Court to make it pertinent to the issue of the fall of appellant.

*Id.* at 293–94.

Block largely disputes the use of Schillings' deposition testimony to establish the first two issues. However the facts and importance of Schillings' deposition testimony are comparable to those in *Henry* and we are persuaded by the guidelines established by that case. First we look to see if Klorer established any of the required *Henry* predicates before we review the probative quality of Schillings' deposition testimony.

The only evidence developed by Klorer on the issue of whether the prior accidents noted in Schillings' deposition were reasonably similar to the incident at bar was through the examination of Block outside the presence of the jury. Generally, that evidence amounted to this single question and answer:

Q: Are you aware that her testimony— that she testified that the people that fell in the store prior to Mrs. Klorer's fall, that their falls were because of the condition of the riser, or because of the riser either, misstepping on the riser?

A: She made that suggestion, yes, sir.

No witnesses testified for the plaintiff regarding the similarity of the cause of the accidents or the identical nature of the instrumentality involved. No evidence in the record, other than the aforementioned deposition testimony, reveals the "special way" in which the conditions in each incident were connected. The evidence in the record is simply not clear or detailed as to the nature of the alleged prior accidents and their relationship to the accident at bar. Throughout the record, Klorer's testimony or the testimony of her witnesses, consisted of a description of her slip from the riser. In no instance did Klorer state that she fell while walking up or down the riser. In fact the issue critical to her testimony was whether the clothes obstructed her view of the floor.

Kay Schillings' deposition does nothing to advance Klorer's notion that prior accidents at FOR LADIES ONLY were substantially similar.

■ We agree with Block that Schillings' deposition is inadmissible as to prior accidents because it is governed by the principles announced in *Bell v. Buddies Super-Market*, 516 S.W.2d 447 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.). In *Buddies Super-Market*, a customer brought an action against a grocery store when she fell on the store's ramp. The appellate court agreed with the trial court that evidence of other falls or near falls attributable to the same conditions is recognized as probative evidence in determining whether such condition presents an unreasonable risk of harm to an invitee on the premises, *provided an adequate predicate is established. Id.* at 450 (emphasis added and citing *Henry*, 475 S.W.2d at 294). In other words, the evidence of other similar falls, to be admissible, must have arisen out of the same inanimate cause or condition. *Bell*, 516 S.W.2d at 450. The Tyler court applied the law to the following facts similar to the ones before us.

In *Buddies Super-Market*, appellant testified she took her first step from the sidewalk onto the ramp. She testified her foot slipped as she stepped on the ramp causing her to fall on her knees. In her deposition taken prior to trial, she testified that her fall was caused by grease on the ramp. However later at trial, she testified that her fall was caused solely by the steep slope of the ramp. In an effort to prove the slope of the ramp was dangerous, appellant offered the testimony of Mrs. Bail-

ey who testified to near falls which she sustained as she ascended or descended the ramp. Mrs. Bailey stated that the cause of the falls was unknown but "guessed" it was because the heel of her shoe was caught on some rough cement on the ramp. Mrs. Bailey never attributed her falls to the steepness of the slope of the ramp. Mrs. Bailey's near falls were caused by the rough concrete. Thus, her testimony would not constitute any proof of the fact that the slope of the ramp caused appellant's fall. Klorer's facts are very similar.

■ Klorer attributed her fall to her inability to judge the riser's location due to the positioning of the clothes rack. Although Klorer testified that she had no trouble moving up or down the riser, she also testified that she slipped from the riser. Schillings' deposition testimony attributes the prior accidents to difficulties in moving up or down the riser and in no case did a customer simply slip from the riser. As a result, we fail to see how the prior accidents satisfy the *Henry* predicates of either being:

1) related in some "special way" to the accident in the case at bar; or

2) related because of "reasonably similar" conditions; or

3) related by means of the same instrumentality.

Klorer simply provided insufficient evidence on the conditions or instrumentality involved in each prior accident which would allow this Court to consider a reversal of the trial court's decision to exclude Schillings' deposition. We therefore deny Klorer's point of error numbered one and two.

■ Furthermore, Klorer's allegations in her third point of error that the trial court erred in excluding Schillings' deposition because it is to be used to impeach Block's denial of any knowledge of prior accidents is similarly without merit. In order for Klorer to be able to use Schillings' deposition testimony regarding prior accidents for impeachment purposes, she must show that she satisfies the *Henry* predicates. As Klorer failed to satisfy any of the three

predicates she is precluded from using the evidence for impeachment purposes.

In *Henry* the court admitted the prior accident testimony of the witness Hendon because it was in the nature of impeachment of the plant manager's testimony *and* it was evidence of "similar conditions" connected in some "special way" with the condition in question, or conditions which occur by means of the same "instrumentality" which is therefore probative on the issue of the existence of the condition in question. An earlier case, *Texas and New Orleans Railroad Co. v. Broadway,* 345 S.W.2d 814 (Tex.Civ.App.—Beaumont 1961, no writ), settled this question. In *Texas and New Orleans Railroad Co.,* a plaintiff filed an action for injuries sustained when his automobile was struck by a train at a railroad crossing. The railroad company/appellant alleged on appeal that the trial court erred in allowing plaintiff/appellees to make proof of two "near-accidents" at the crossing at other times and under other conditions substantially different from the collision in this case. The Beaumont court held: "We think the conditions testified to were reasonably similar and the testimony of difficulty in seeing the train because of the weeds and grass were admissible to contradict testimony of appellant's witnesses who had testified that in their years of experience in using the crossing they never had difficulty seeing the approaching trains." *Id.* at 820.

In the case at bar, Klorer provided this court with far less evidence to substantiate their claim of substantially similar accidents. We therefore decline to deviate from the well established logic in the aforementioned cases and overrule Klorer's point of error number three.

■ To obtain a reversal of a judgment based upon error of the trial court in admission or exclusion of evidence, Klorer had to first show that the trial court's determination was in fact error, and second that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Aultman v. Dallas Railway and Terminal Co.,* 152 Tex.

509, 260 S.W.2d 596, 599 (1953). Reversible error is not ordinarily shown in connection with rulings on questions of evidence unless the whole case turns on the particular evidence admitted or excluded. *Atlantic Mut. Ins. Co. v. Middleman*, 661 S.W.2d 182, 185 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *see also* TEX.R. CIV.P. 434 (stating that "no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court").

TEX.R.EVID. 401 clearly sets out the test for relevancy:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The general rule in Texas is that prior acts or transactions by one of the parties with other persons are irrelevant, immaterial and highly prejudicial and in violation of the rule that res inter alios acts are incompetent evidence, particularly in a civil case. *Texas Farm Bureau Mutual Insurance Company v. Baker*, 596 S.W.2d 639, 642 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r. e.). The doctrine of "res inter alios acta" is based on the principle that each act or transaction sued on should be established by its own particular facts and circumstances, 23 TEX.JUR.2d *Evidence* § 187 (1961) (see cases cited). Since Klorer's offer of the deposition failed to satisfy the requirement of being substantially similar, we hold it was not error for the trial court to deny its admission on the basis of irrelevancy.

Accordingly we affirm the judgment of the trial court.