**BREWINGTON TYPEWRITER COMPANY,**
Appellant,

v.

**SOUTHWESTERN BELL TELEPHONE
COMPANY, Appellee.**

No. 15295.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

May 23, 1968.

BELL, Chief Justice.

This is a summary judgment case in which the trial court rendered judgment that appellant take nothing in its suit against appellee for damages.

By a first amended original petition filed December 30, 1966, R. D. Brewington, individually and doing business as Brewington Typewriter Company, sued appellee and Dromgoole's Typewriter Shop for actual damages in an unspecified amount allegedly resulting to appellant from an allegedly unauthorized and wrongful listing by appellee in its alphabetically arranged telephone directory for the years commencing in December, 1965 and December, 1966. Appellant also asked for injunctions, both mandatory and prohibitory, and for $200,-000.00 exemplary damages.

A non-suit was taken as to Dromgoole.

The listing in the December, 1965 directory listed in bold face type the name "Brewington Typewriter Co." and under it listed the Houston, Pasadena and Spring Branch places of business of appellant with the correct telephone number for each. However, under the same bold face listing appellee made the following listing in the manner here shown:

"Rentals Ofc   2482 Bolsover __ JA 2 4323
Sales Ofc        2482 Bolsover __ JA 9 4623
Serv Ofc         2482 Bolsover __ JA 9 9226"

This address was that of Dromgoole and the Jackson numbers reached his place of business on Bolsover. There was nothing to indicate that this address was the place of business of Dromgoole and that these

telephone numbers were his instead of a place of business and telephone numbers of appellant.

Appellant had originally filed suit in January, 1966, because of the above listing.

In the December, 1966 alphabetical listing there was a change so that there were two bold face typed listings of "Brewington Typewriter Co." Under the first were listed appellant's Houston, Pasadena, and Spring Branch places of business and the correct telephone number for each. Immediately below the listing was the second bold face listing in the name of Brewington Typewriter Co. and under it was listed only "Rentals Ofc", "Serv Ofc" and "Sales Ofc" with the Bolsover address and the Jackson telephone numbers listed in the manner above shown, except that "Sales Ofc" and "Serv Ofc" have interchanged positions. There is nothing in the listing to indicate that this was Dromgoole's place of business and his telephone numbers and not appellant's.

Appellee filed an unsworn "First Amended Answer" containing a general denial, a plea that the matters complained of were proximately caused by "Brewington Typewriter Company, et al" and in the alternative were proximately caused by a third party or parties. Further, in the alternative, that the damages, if any, sustained by appellant were limited as set forth in "Section C, Paragraph II, Rules and Regulations Applying to All Customers Contracts * * *" which were on file with the Federal Communications Commission.

The first amended original petition of appellant was sworn to by R. D. Brewington. Among other things alleged was an allegation that the mislistings were without the knowledge or authority of appellant.

Appellee filed its unsworn motion for summary judgment asking for judgment based on the pleadings, depositions, admissions and affidavits on file. The unsworn motion asserts as its first ground for judgment that appellant on February 24, 1961,

signed and issued a written authorization to Louis Dromgoole, President of Dromgoole's Typewriter Shop, Inc., authorizing Dromgoole to use the name "Brewington Typewriter Company" in any manner he saw fit for the conduct of business, which sworn authorization was recorded in the Deed Records of Harris County in Volume 4572, page 427. It is further recited that a further written authorization was given May 22, 1961, which extended such right for a period of ten years, subject to renewal for a period of another ten years, which authorization was recorded in the Deed Records of Harris County in Volume 4572, page 425. It is also alleged that "Plaintiff" (appellant) had admitted signing said written authorizations in his *"deposition on file herein."* (emphasis ours unless otherwise indicated) It asserted appellee at all times recognized and accepted these authorizations as it was bound to do and that any damages flowed from the act of appellant.

As its second ground for judgment appellee asserts there is neither pleading nor evidence showing actual damage and the grossly exaggerated claim of $200,000.00 exemplary damages has no basis in the record.

The motion also, as a third ground for judgment, asserted the tariff above mentioned limited any liability in an amount not to exceed the amount paid by the customer for service during the period covered by the service. Attached to the motion is an affidavit seeking to establish the pertinent tariff; also an affidavit attests to the authenticity of pertinent pages from the alphabetical directories for the periods of use beginning in January of 1961, 1962, 1963, 1964, 1965, and the pages of the directories for December, 1965 and December, 1966. These show the listings made each year under the name of Brewington Typewriter Company.

In a special sworn answer of appellee, in reply to the amended petition of appellant, K. E. Walker, Houston Division Man-

ager of appellee, swore to the allegations of fact therein contained. We will notice only those allegations we deem material to this appeal.

The special answer asserted the falsity of the allegation that appellee and Dromgoole "deliberately, wilfully and intentionally, and in heedless disregard of the rights of Plaintiff, and negligently, and in concert" caused the mislisting. Further it asserted that at the time of filing his amended petition appellant knew of the two alleged authorizations given by him to Dromgoole, the specific allegations of which we notice were in appellee's motion for summary judgment. Then the special answer asserts *"by sworn deposition on file in this cause, Plaintiff has admitted signing such written authorizations."* Appellee says it recognized and accepted those written authorizations as it was bound to do.

The court sustained the motion for judgment on grounds 1 and 2, but refused to base its judgment so as to limit liability as asserted in ground 3. The judgment recites that the court considered the pleadings, various specified affidavits, and the *"depositions of R. D. Brewington, Louis Dromgoole, Gene Dromgoole and Mrs. Oma Dromgoole, together with the exhibits attached to said depositions."*

As the record reached this Court it consisted of the pleadings, the affidavits we have mentioned, and the depositions of Louis Dromgoole, Gene Dromgoole and Mrs. Oma Dromgoole. Appellant in its brief here raised the question that there was no deposition of R. D. Brewington filed in the trial court and consequently no such deposition here.

Appellee then filed a motion calling the court's attention to the recital in the judgment that the judge considered the deposition of R. D. Brewington. Also it asserts that the deposition was read from and the exhibits attached were read by the court. No one seems to have raised any objection that there was no deposition of Mr. Brewington on file. Prayer was that the court order the deposition of Mr. Brewington be certified as having been on file at the time of the hearing on motion for summary judgment, and that the deposition and the accompanying exhibits be transmitted to this Court.

Appellant opposed the motion on the ground that there had never been a completed deposition and no deposition or copy had ever been on file in the court. He asserted while an oral deposition had been commenced, it was never completed, because it had never been read for corrections, had never been signed and this requirement of law had never been waived.

The trial court's order on this motion states that on the hearing of the motion for summary judgment appellee's counsel handed him "Cross Plf Ex 2 and Cross Plf Ex 3 which appear in the document labelled Deposition of R. D. Brewington." Cross-Plaintiff in the suit at that time was Dromgoole's Typewriter Shop, Inc. It is also certified by the court that appellee's counsel in argument on the ground of the motion relating to damages read from the document labelled "Deposition of R. D. Brewington", which was physically in court, and that counsel argued the testimony of Brewington wholly failed to show that he had suffered any damage. Appellant's counsel raised no objection in such hearing that the alleged deposition had not been certified by the court reporter or signed by Brewington. The court could not remember what portions were read except some questions and answers relating to damages. The court certifies it considered what was stated at the hearing to be the testimony of Brewington contained in a deposition without any objection.

Under Rule 428 we permitted the filing of a supplemental transcript. Accompanying it is a typewritten copy of what is labelled "Deposition of R. D. Brewington". It contains certain typewritten but unsigned stipulations about the taking of the deposition, *but there is none waiving signature* or waiving certification by the court report-

er. It is not certified by a court reporter, nor is it signed by the witness. Stamped on the document by the District Clerk is a certification that it was filed March 4, 1968. This is the same day that appellee filed its " * * * Motion under Rule 428 for Certification of Supplemental Record".

The final judgment is approved by appellant's counsel as to *form only*.

The bill for costs of the District Clerk contained in the transcript shows costs for the depositions of each of the Dromgooles but none for any deposition of R. D. Brewington.

We are of the view that in the light of the procedure we have detailed, there was no "deposition on file" from R. D. Brewington as contemplated by Rule 166–A, and that nothing contained in the document labelled "Deposition of R. D. Brewington" could properly be considered by the court in disposing of the motion for summary judgment. We think the case of Richards v. Allen, Tex.Civ.App., 402 S.W.2d 158 (S.Ct.), is precisely in point. In that case the court's judgment, granted on motion for summary judgment, recited that "[u]pon reading, reviewing and examining all of the pleadings on file, all of plaintiff's sworn pleadings on file herein and the oral deposition of defendant, William L. Richards, taken herein on November 15, 1963, and after hearing evidence and full and complete argument of counsel, the Court is of the opinion that plaintiff's motion for summary judgment should be in all things sustained." The court noted that the trial judge probably "considered portions of an uncompleted and unsigned transcription of certain answers made by William L. Richards in reply to inquiries propounded to him, under the misapprehension that such questions and answers were contained in a completed deposition which was on file in his court." Further the court noted that the Clerk certified there was no deposition of Richards on file and was never filed. The court, in reversing the case, said:

"We take occasion to point out that while Rule 166–A paragraph (e) carries the heading, 'Form of Affidavits; Further Testimony', such paragraph does not purport to authorize the taking of evidence in the usual sense. The term 'further testimony' refers to 'summary judgment testimony', that is, testimony or evidence brought before the court by means of admissions, depositions or affidavits prepared in accordance with the rule. It is provided that, 'The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits'. If at the hearing on motion for summary judgment, a party with permission of the court should desire to supplement his deposition or affidavit proof, such supplementary material should be supplied in the form of a deposition or affidavit and not by the examination of witnesses in open court. Further, while it is essential that depositions, admissions and affidavits be on file, either independently or as a part of the motion for summary judgment, the reply thereto, or some other properly filed instrument, it is not necessary that they be formally offered in evidence upon the summary judgment hearing."

We find this case to be indistinguishable from the cited case.

On a basis of the pleadings on file, the affidavits and the depositions of the Dromgooles which were on file, there were issues concerning the existence of material facts, as our detailed recitations concerning the pleadings and affidavits given above will demonstrate.

Reversed and remanded.