Ilene **PEARCE, Individually and as Community Survivor and next friend of Rebecca Pearce, et al., Appellants,**

v.

**FORT WORTH & DENVER RAILWAY EMPLOYEES' HOSPITAL ASSOCIATION, Appellee.**

No. 17363.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 22, 1972.

Schattman & Guthrie, and Denning Schattman, Fort Worth, for appellants.

Law, Snakard, Brown & Gambill, and Lawton G. Gambill, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

Appellants instituted this suit to recover from the appellee the amount of a hospital bill incurred by Rodney Pearce at Scott and White Clinic in Temple, Texas. The appellee was granted a summary judgment. This appeal is from that judgment seeking a reversal on the theory that appellants, by affidavits, raised a fact issue on the apparent authority of Dr. J. J. Westenburg, the association surgeon, to send Rodney Pearce, now deceased, to Scott and White Clinic which was a non-association facility.

We affirm.

It is undisputed that the Scott and White Clinic is situated in Temple, Texas, and was at all times material to this suit outside the "zone of operations" of appellee and not a hospital authorized for use by appellee's members. The Articles of Association and By-Laws of appellee clearly establish that appellee is not liable to appellants for the medical bill incurred by Mr. Pearce at a hospital situated without the "zone of operations."

Appellants are not contending that appellee is obligated by virtue of its Articles of Association and/or By-Laws nor are they contending that Dr. Westenburg had authority to obligate appellee to pay the bill incurred by Mr. Pearce at Scott and White Clinic. The contention on this appeal is that the summary judgment should not have been granted because

a fact issue was shown to exist on whether Dr. Westenburg had apparent authority to obligate appellee. Thus, the sole question raised by appellants' single point of error is whether or not they have, by their affidavits filed in opposition to the motion for summary judgment, raised a fact issue concerning apparent authority.

Appellee, the moving party, having established facts which, as a matter of law, entitle it to a summary judgment will not be denied the judgment simply because the appellants have alleged matters which, if proved, would require its denial. The appellants, under such circumstances, must then come forward with evidence sufficient to raise the question of apparent authority as stated in their pleadings. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960); Eubanks v. Hughes Engineering Company, 369 S.W.2d 49 (Fort Worth Tex.Civ.App., 1963, ref., n. r. e.); and Schepps v. American District Telegraph Co. of Texas, 286 S.W.2d 684 (Dallas, Tex.Civ.App., 1955, no writ hist.).

This brings us to the question of whether or not the appellants have come forward with evidence sufficient to raise the question of apparent authority on the part of Dr. Westenburg to obligate the appellee to pay the medical bill in question.

The doctrine of apparent authority is defined in 2 Tex.Jur.2d 483 (Agency) § 44 and § 46 of same text at page 487.

In Clark v. Texaco, Inc., 382 S.W.2d 953 (Dallas, Tex.Civ.App., 1964, ref., n. r. e.) the court said: "An apparent or ostensible agent is one 'whom the principal either intentionally or by want of ordinary care induces third persons to believe to be his agent although he has not either expressly or by implication conferred authority on him.'" See also Almar-York Co. v. Fort Worth National Bank, 374 S.W.2d 940 (Fort Worth, Tex.Civ.App., 1964, ref., n. r. e.); Hotel Longview v. Pittman, 276 S.W.

2d 915 (Texarkana, Tex.Civ.App., 1955, ref., n. r. e.).

To establish that Dr. Westernburg had apparent authority under the authorities above cited to obligate the appellee to pay the medical bill incurred by Mr. Pearce at the Scott and White Clinic would require appellants to show that appellee by its conduct misled Mr. Pearce into believing that its local surgeon, Dr. Westenburg, had authority to obligate appellee to pay the medical expenses he would incur at Scott and White Clinic and that Dr. Westenburg in fact told him his medical expenses at Scott and White Clinic would be paid by appellee and that Mr. Pearce went to Scott and White Clinic in reliance upon such conduct and statement.

In Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540, 543 (Tex. Sup., 1971) it was said, "The allegations in Surety's petition, although sworn to, do not constitute summary judgment proof. Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes." The case of Associates Discount Corp. v. Rattan Chevrolet, Inc., 462 S.W.2d 546, 550 (Tex.Sup., 1970) in clarifying the role of pleadings stated that allegations which are mere conclusions, expressly authorized for pleading purposes, are unacceptable as proof in summary judgment proceedings.

Hidalgo having ruled out pleadings as a part of the supporting proof, we now look to the sufficiency of the supporting affidavits submitted by appellants. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961) supplies the following rules for this endeavor: (a) "'only admissible testimony having probative force is to be considered'"; (b) this, of course, rules out affidavits "'based on hearsay and statements . . . that are but mere conclusions of law'"; (c) the affidavit should allege that it was "'made on the personal knowledge'" of the affiant and should show that affiant is "'competent to testify as to the matters stated in the affidavit . . . .'" See also Gra-

cey v. West, 422 S.W.2d 913, 916 (Tex. Sup., 1968) and Snow v. Bond, 438 S.W.2d 549, 551 (Tex.Sup., 1969).

In Crain v. Davis, 417 S.W.2d 53, 55 (Tex.Sup., 1967) the court said, "The facts stated in an affidavit given in support of a motion for summary judgment must be so worded that if the testimony were given from the witness stand during the trial it would be admissible." See also 45 Tex. Jur.2d, "Pleading," § 137 and authorities there cited.

The affidavits of F. M. Vaughn, Ilene Pearce and C. E. Johnson were offered by the appellants in opposition to the appellee's motion for summary judgment in an effort to establish that Dr. Westenburg had apparent authority.

The Vaughn affidavit does not allege that it is based upon personal knowledge nor does it set forth facts which would be admissible in evidence. It contains conclusions and is based on hearsay. It does not affirmatively show that Vaughn is competent to testify to the matters stated therein. Vaughn is not associated with appellee yet he states it is the custom and practice of Association doctors to send terminal cases to other hospitals and clinics. He does not state that such other hospitals and clinics were located outside the "zone of operations." The affidavit in no way presents admissible evidence on the issue of apparent authority.

The affidavit of Ilene Pearce does not allege it is made on personal knowledge of the affiant and contains no admissible evidence on the issue of apparent authority.

The affidavit of C. E. Johnson does not allege that it is made on personal knowledge of the affiant nor does it show affirmatively that the affiant is competent to testify to the matters therein stated. The contents of the affidavit, if stated on the witness stand during trial, would not be admissible on the matters here involved.

In our opinion the affidavits produced by appellants do not establish any of the elements necessary to show apparent authority. No affidavit from Dr. Westenburg was presented and the failure in this regard was not explained.

There is no evidence that Mr. Pearce knew or that he did not know when he went to Scott and White Clinic that appellee would not pay the bill. In this respect the third paragraph of Article 1 of the By-Laws provide:

"The Chief Surgeon shall arrange to have published for the information of the contributors, a list showing surgeons and hospitals authorized to render service at the expense of the Association. When changes in the staff or hospitals are made, due notice will be given to the employees. Revised lists will be published at least once each year."

There is no contention that Mr. Pearce did not know that Scott and White Clinic was not an authorized hospital. Mr. Pearce lived five months after being discharged from Scott and White Clinic. It is a matter of record that this suit was not instituted by Mr. Pearce but by his heirs after his death. There is no admissible evidence to the effect that appellee (1) indicated to Mr. Pearce that its local surgeon had authority to send him to a hospital outside the "zone of operations," (2) that it would honor a bill incurred at Scott and White Clinic which was outside the "zone of operations," (3) that Mr. Pearce was ever made aware of any instance in which appellee had paid bills incurred at hospitals outside of its "zone of operations," and (4) that the appellee or its Advisory Board or Board of Trustees in any way indicated to Mr. Pearce that a bill incurred at Scott and White Clinic would be paid.

The affidavits produced by appellants in opposition to the motion for summary judgment do not meet the requirements of the authorities above cited and do not create a fact issue on apparent authority.

See Parrott v. Garcia, 436 S.W.2d 897 (Tex.Sup., 1969) in which the court upheld

the defendant's summary judgment in a case where, as here, the plaintiff failed to raise a fact issue by proof rather than by allegations.

The point of error is overruled and the judgment of the trial court is affirmed.