**David HILL et al., Appellants,**

v.

**Ralph RICH, Appellee.**

**No. 12201.**

Court of Civil Appeals of Texas, Austin.

April 30, 1975.

Rehearing Denied May 14, 1975.

James E. Puntch, Jr., Paul W. Jones, Jr., Austin, for appellants.

Jack F. Cook, Jr., Austin, for appellee.

O'QUINN, Justice.

David Hill and Joe Kanetzky, appellants, brought this suit against Ralph Rich, the appellee, in March of 1973 to compel specific performance of a contract of sale under which appellants sought to purchase from Rich a tract of land comprising about 47 acres in Travis County.

Rich moved for summary judgment, and appellants filed affidavits in opposition to the motion. The trial court granted appellee's motion for summary judgment in February of 1974 and entered judgment that appellants take nothing by their suit to require specific performance.

Appellants bring three points of error under which contentions are made that there was no evidence upon which summary judgment could have been granted and that there existed genuine issues of material facts and appellee was not entitled to judgment as a matter of law. We will overrule the points of error and affirm the judgment of the trial court.

After suit was filed in district court, an intervention was entered by Cesar Jiminez, and Rich filed his cross action against George Webb. The trial court, before entering summary judgment that appellants Hill and Kanetzky take nothing against Rich, severed from that cause the action of the intervenor and the cross action of Rich against Webb and directed that such cause be docketed separately. This appeal is limited therefore to the controversy between Hill and Kanetzky as plaintiffs below and Rich as defendant.

In addition to the two affidavits filed by the appellants, in opposition to the motion for summary judgment, the record includes the oral deposition of Appellant Hill. But on appeal appellants, under their first point of error attacking the judgment for want of evidence to support it, argue that the deposition was "incompetent to prove anything" because at the time of the hearing Hill had not sworn to the deposition and it had not been filed in the cause within the meaning of Rule 74, Texas Rules of Civil Procedure. Appellants insist that only the affidavits of Hill and Kanetzky may be resorted to in search for evidence to support the judgment, and that the affidavits "show on their face that at a minimum there is a genuine question as to a material fact."

The record shows that Hill's deposition was taken on April 4, 1973, ten months prior to the hearing on summary judgment early in February of 1974, and that counsel for both parties were present and participated in the taking of the deposition. The reporter who took the deposition signed and swore to the deposition on September 14, 1973, nearly five months prior to the hearing on summary judgment. At the hearing in February of 1974 counsel for appellee read from the deposition, without objection by appellants, and the trial court recited in the judgment that the deposition had been considered, again without objection or exception by appellants in either their motion for new trial or their amended motion for new trial. Objection to the deposition on appeal is made ancillary only to the evidentiary point.

On June 11, 1974, Appellant Hill signed and swore to the deposition, stating that he had "read the foregoing deposition and that this deposition is a true record of my testimony given at this deposition." Two days later the deposition was filed with the district clerk in the cause, prior to filing of the record of appeal in this Court on June 18, 1974.

In their contention that the deposition was improperly considered by the trial court, and may not be considered on appeal, appellants rely on the decision in O'Byrne v. Oak Park Trust and Savings Bank, Oak Park, Ill., 450 S.W.2d 411 (Tex.Civ.App. Beaumont 1970, writ ref. n. r. e.). In that case the court pointed out that the deposition of Mrs. Davis "was simply acknowledged, not supported by her affidavit; and even if we were to consider it as a deposition, the most it did was to raise a fact issue . . ." The court observed that "The unsworn deposition of Rita Jagnow Davis is incompetent to prove anything." The court also held that necessary parties had not been joined and remanded the cause.

The Supreme Court, in a *per curiam* opinion, disagreed on the question of nec-

essary parties, and refused the application for writ, no reversible error, with the statement, "We agree that respondents are entitled to a trial on the merits." (457 S. W.2d 277) Both the headnote and the first syllabus of the Supreme Court's opinion indicate a holding that "affidavits and depositions raised fact issue as to mental capacity of grantor." The only deposition before the trial court was that of Mrs. Davis, and the opinions do not reflect at what stage of the proceedings objection, if any, was made to consideration of the deposition. In a concurring opinion, two justices of the court of civil appeals simply stated, "It is apparent *from a consideration of our record* that it was error for the trial court to grant the motion for summary judgment." (450 S.W.2d 419) (Emphasis added)

The record in this appeal clearly indicates that if the defects relating to Hill's deposition were formal irregularities which, upon timely objection being made, could have been cured without necessity of delay in trial, then appellants have waived the defects. 2 McDonald: Texas Civil Practice, sec. 10.02.16, p. 505 (1970), and cases cited. Appellants do not contend that the testimony Hill gave in his deposition was not properly recorded by the reporter who swore to it, and Hill himself later swore to the deposition without change or correction.

Even if Hill, prior to trial, had refused to swear to the deposition, mere absence of his signature alone would not be ground for suppressing the deposition. Bryan v. United States Fire Insurance Company, 456 S.W.2d 702, 707 (Tex.Civ. App. Corpus Christi 1970, writ ref. n. r. e.). Mere lack of signature will not justify suppression of a deposition, even when timely motion is made, unless the reasons for not signing impugn the verity or reliability of the depostion. Bell v. Linehan, 500 S.W.2d 228, 230 (Tex.Civ.App. Texarkana 1973, writ ref. n. r. e.).

Hill's deposition was completed and awaited his signature at the time of the hearing. The deposition therefore does not fall within the rule stated in Brewington Typewriter Company v. Southwestern Bell Telephone Co., 428 S.W.2d 847, 850 (Tex.Civ.App. Houston 1st 1968, no writ), following decision of the Supreme Court in Richards v. Allen, 402 S.W.2d 158 (Tex. Sup.1966). In that case the deposition was incomplete and, therefore could not have been signed by the deponent, sworn to by the reporter, nor filed in the cause.

Requirements with respect to return of the deposition to the court are designed merely to protect the integrity of the document and guard it against alterations. 2 McDonald: Texas Civil Practice, sec. 10.-02.15, p. 503 (1970), and cases cited. Appellants make no contention now that the deposition, even when unsigned and not filed, did not faithfully reflect Hill's testimony.

Appellants contend only that the deposition may not be considered and that appellate review of the evidence must be limited to the affidavits Hill and Kanetzky filed in opposition to the motion for summary judgment. The two affidavits are identical with respect to the facts stated. The essential facts surrounding the transactions of appellants with Rich are, in brief:

1. Appellants "made a written offer to purchase the property . . . on or about January 19, 1973 . . ."

2. ". . . Rich rejected our original offer and tendered a written counter-offer . . . received January 21 . . . We neither rejected nor accepted the counter-offer at that time."

3. "On the morning of January 23 . . . [we] accepted the counter-offer orally in a telephone conversation with Mr. Rich and in writing by initialing his written counter-offer . . ."

4. "Without notice and unknown to us . . . Rich, subsequent to making his counter-offer to us but prior to our acceptance of that counter-offer, had contracted

and bound himself to sell said property to a third party."

Under the facts appellants swore to in their affidavits, Rich was free to withdraw his counter-offer at any time prior to acceptance by appellants as prospective purchasers and thus prevent any contract from arising between Rich and appellants. Bowles v. Fickas, 140 Tex. 312, 167 S.W. 2d 741, 743 (1943); Antwine v. Reed, 145 Tex. 521, 199 S.W.2d 482 (1947).

Appellants concede in their brief that ". . . there is the question as to whether Appellee withdrew his counter-offer prior to Appellants' acceptance . . . [and] if it was properly revoked prior to acceptance, then the case need go no further." Appellants argue that the revocation was ineffective if not communicated to appellants, and a "fact question . . . must be determined" as to whether ". . . Appellants had notice of the withdrawal" by Rich of his counter-offer. Appellants rely on the decision in Bowen v. Speer, 166 S.W. 1183 (Tex.Civ. App. Galveston 1914, no writ). In that case the offeror specified a time limit and his offer was accepted effectively by mail within the time specified, unlike the present case, and that holding is not in point.

It is settled that if the counter-offer by Rich contained no limitation as to the time of acceptance, appellants had the burden to plead and prove that their acceptance was made within a reasonable time. Texas Pipe Line Co. v. Miller, 84 S.W.2d 550, 551 (Tex.Civ.App. Eastland 1935, no writ), and authorities cited. We find that appellants pleaded withdrawal of the counter-offer without notice to them, but did not plead that they were entitled to a reasonable time in which to accept the counter-offer, or that the counter-offer contained a specific time limit and that the acceptance came within that time.

Appellants insist that under their affidavits they have raised a fact issue as to notice of the withdrawal. Since under the evidence, even limited to affidavits of the appellants, Rich showed himself entitled to summary judgment as a matter of law, the judgment may not be denied "simply because the appellants have alleged matters which, if proved, would require its denial." Appellants had the burden to offer evidence sufficient to raise the issue of acceptance within a reasonable time. Pearce v. Fort Worth and Denver Railway Employees' Hospital Association, 488 S. W.2d 903, 905 (Tex.Civ.App. Fort Worth 1972, no writ), citing, Gulf, Colorado and Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958) and Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960).

The oral acceptance by appellants, after the counter-offer had been withdrawn, was insufficient because the acceptance was not in writing. Section 26.01, Texas Business and Commerce Code, V.T.C.A. (formerly Art. 3995, subsec. (4), Statute of Frauds). "To form a binding contract, it must appear that the party to whom the offer is made accepts such offer and communicates such acceptance to the person making the offer; and, *in the case of an offer to buy or sell land,* the acceptance must be in writing." (Emphasis added) American National Insurance Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161, 1164 (1938), citing and quoting form Patton v. Rucker, 29 Tex. 402.

The facts drawn from appellants' affidavits, and without considering the deposition of Hill, which we find not to be in conflict with the affidavits, are sufficient to support the summary judgment as a matter of law. The oral acceptance by appellants of appellee's counter-offer did not make a binding contract for sale of the land, and there could have been no contract until acceptance had been made in writing and delivered to appellee. Prior to acceptance by appellants, even orally, appellee had withdrawn his counter-offer, which was his right in the absence of a specified time limitation for acceptance,

and if appellants believed they were not accorded a reasonable time in which to accept, they failed to plead and prove entitlement to and performance within such reasonable time.

The facts as stated in the affidavits are uncontroverted, and we find no genuine issue of material facts.

The judgment of the trial court is affirmed.