NO. 07-10-0515-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 FEBRUARY 23, 2011

 ______________________________

 IN RE: CHARLES ROBISON AND CHERIE ROBISON,
 RELATORS
 _________________________________

 ORIGINAL PROCEEDING
 ARISING OUT OF PROCEEDINGS BEFORE THE 72ND thDISTRICT COURT
 646646464DISTRICT COURT OF LUBBOCK COUNTY;
 NOS. 2009-546,118 & 2009-546,118-B, HONORABLE RUBEN G. REYES, JUDGE
 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 OPINION

 Relators, Charles Robison and Cherie Robison, (hereafter
collectively, "the Robisons") submit this petition for writ of
mandamus complaining of three separate orders of the trial court,
entered in two separate causes of action, arising out of a claim for
personal injuries stemming from a work-related injury suffered by
Charles Robison while employed by the Real Party In Interest, West
Star Transportation, Inc., (West Star). For the reasons that follow,
we conditionally grant their petition as to the dismissal of West
Star's claims presently pending in Cause No. 2009-546,118-B, thereby
rendering moot their petition as it pertains to the disqualification
of the Robisons’ counsel in that cause and the abatement of Cause No.
2009-546,118.

 Background

 On or about April 23, 2007, Charles Robison was injured when he
fell while working for West Star. Charles, joined by his wife,
Cherie, originally filed suit (hereafter the "personal injury cause of
action") against West Star, under the Texas Workers' Compensation
Act,[1] which suit was assigned Cause No. 2009-546,118.[2] West Star,
a non-subscriber, maintained an insurance policy with limits of
$500,000. During the course of this litigation, pursuant to the
Stowers doctrine,[3] the Robisons offered to settle their personal
injury cause of action for a sum within West Star's policy limits.
The Robisons' settlement offer expressly provided that the offer
expired at 5:00 p.m. on May 8, 2009. West Star maintains that its
counsel, Levi McCathern, verbally accepted that offer during a
telephone conversation with one of the Robisons' attorneys,
Christopher Carver, on May 7, 2009. McCathern faxed a written
acceptance of the settlement offer to Judson Waltman, another attorney
for the Robisons, at 5:41 p.m. on May 8, 2009. A dispute then arose
as to whether or not an enforceable settlement agreement had been
reached.

 When the Robisons refused to be bound by the disputed settlement
agreement, West Star amended its answer on May 29, 2009, to include
the affirmative defense of settlement. In response, the Robisons filed
a no-evidence motion for partial summary judgment as to that defense,
averring that there was no effective settlement agreement because
there was no meeting of the minds and the settlement offer, as
presented, was not timely accepted. On July 31, 2009, West Star filed
its response to the Robisons' motion for partial summary judgment and
it filed a motion to enforce the settlement agreement. Thereafter, on
November 24, 2009, West Star filed a counterclaim against the Robisons
alleging a breach of contract based upon the failure of the Robisons
to honor the purported settlement agreement.

 On February 5, 2010, the trial court denied West Star's motion
to enforce the settlement agreement; and, at the same time, ruled that
the Robisons’ motion for partial summary judgment was moot. Six
months later, on August 26, 2010, West Star filed a motion to sever
its breach of contract counterclaim from the Robisons’ personal injury
cause of action. Following a hearing on this motion, the trial court
stated that it was "of the opinion that there is not an agreement in
compliance with Texas Rule of Civil Procedure 11," but nevertheless
denied the Robisons’ motion for partial summary judgment (previously
determined to be moot), granted the motion to sever, and abated the
personal injury cause of action "until such time as Defendant West
Star's counterclaim against Plaintiffs Charles Robison and Cherie
Robison is fully adjudicated." The severed cause of action (hereafter
"the contract cause of action") was then assigned Cause No. 2009-
546,118-B. On September 20, 2010, in the contract cause of action,
West Star filed its motion to disqualify the Robisons’ counsel on the
basis that they were witnesses to necessary facts relevant to the
contract cause of action, to-wit: the terms and existence of the
alleged oral settlement agreement. On December 16, 2010, the trial
court granted West Star's motion to disqualify Carver and Waltman, but
denied the motion to disqualify as to the Lanier Law Firm, P.C. and
the law firm of Christopher Carver.

 The Robisons now seek a writ of mandamus from this Court
directing the trial court to: (1) dismiss West Star's breach of
contract cause of action, (2) vacate its order abating the personal
injury cause of action, and (3) vacate its order disqualifying the
Robisons' counsel.

 Mandamus Standard of Review

 In order to be entitled to relief by writ of mandamus, a relator
must meet two basic requirements: (1) it must show that the trial
court clearly abused its discretion, and (2) it must show that they
have no adequate remedy by appeal. In re Ford Motor Co., 988 S.W.2d
714, 718 (Tex. 1998) (orig. proceeding); Walker v. Packer, 827 S.W.2d
833, 840-44 (Tex. 1992) (orig. proceeding). (Mandamus issues only to
correct a clear abuse of discretion or the violation of a duty imposed
by law when there is no other adequate remedy by law.( Walker, 827
S.W.2d at 839 (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985) (orig. proceeding)). To establish an abuse of
discretion, the complaining party must demonstrate that the trial
court acted unreasonably, arbitrarily, or without reference to any
guiding rules or principles. See Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1965). Accordingly, an incorrect
construction of the law or a misapplication of the law to undisputed
facts is an abuse of discretion. Walker, 827 S.W.2d at 840.

 As to the second requirement, no adequate remedy by appeal,
there is no comprehensive definition of the word adequate. Instead,
the determination of whether or not there is an adequate remedy by
appeal is a matter left to the sound discretion of the compelling
court after a "careful balance of jurisprudential considerations,"
including both public and private interests. In re Prudential Ins.
Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); In the
Matter of the Marriage of J.B. and H.B.; In re State of Texas, 326
S.W.3d 654, 661 (Tex.App.--Dallas 2010, pet. filed) (direct appeal and
orig. proceeding).

 While generally a mere increase in the cost of litigation or a
delay in the resolution of disputed issues does not, per se, render
appellate review inadequate, In re Ford Motor Co., 988 S.W.2d at 727,
the Texas Supreme Court has recognized that there are exceptional
occasions where the benefits of mandamus are so great that the
available appellate procedures are rendered inadequate:

 Mandamus review of significant rulings in exceptional cases may
 be essential to preserve important substantive and procedural
 rights from impairment or loss, allow the appellate courts to
 give needed and helpful direction to the law that would otherwise
 prove elusive in appeals from judgments, and spare private
 parties and the public the time and money utterly wasted enduring
 eventual reversal of improperly conducted proceedings. An
 appellate remedy is “adequate” when any benefits to mandamus
 review are outweighed by the detriments. When the benefits
 outweigh the detriments, appellate courts must consider whether
 the appellate remedy is adequate.

In re Prudential Ins. Co. of Am., 148 S.W.3d at 136.

 In any event, when a petition for writ of mandamus is filed, the
relator bears the burden of showing entitlement to the relief
requested. Johnson, 700 S.W.2d at 917. Therefore, in order to be
entitled to mandamus relief in this case, the Robisons would have to
establish (1) that the complained of decisions were a clear abuse of
discretion and (2) that they did not have an adequate remedy at law.

 Analysis

 According to the Robisons' argument, if the trial court would
have granted their motion for partial summary judgment seeking
dismissal of West Star's contract cause of action, then there would
have been no need to abate the personal injury cause of action and no
need to disqualify their counsel in the contract cause of action. As
such, the very gravamen of the Robisons' complaint is that the trial
court erred in denying their motion for partial summary judgment as to
West Star's contract cause of action. In its Response to Relator's
Petition for Writ of Mandamus, West Star agrees; however, it contends
that mandamus simply will not lie to remedy the denial of a motion for
partial summary judgment because the Robisons have an adequate remedy
by appeal. Therefore, for purposes of logical sequence, we will first
review whether the trial court abused its discretion by denying the
Robisons' motion for partial summary judgment and then review whether
any remedy the Robisons might have by appeal is adequate.

 Abuse of Discretion

 The Robisons, relying upon Rule 11 of the Texas Rules of Civil
Procedure, contend the trial court erred by denying their no-evidence
motion for partial summary judgment because West Star's contract cause
of action relies upon an unenforceable settlement agreement.
Specifically, the Robisons contend that West Star did not comply with
Rule 11 by timely accepting their settlement offer in writing. West
Star counters arguing that because the Robisons' settlement offer did
not specify a means of acceptance, the offer could be accepted in any
reasonable manner, including oral acceptance. West Star further
contends that because the settlement offer was timely accepted by
McCathern's oral acceptance on May 7, 2009, and because the fax
confirmation of the oral acceptance satisfies the "in writing"
requirement of Rule 11, the trial court did not err in denying the
Robisons’ motion for partial summary judgment. We believe West Star
confuses general contract principles with the requirements of an
enforceable settlement agreement.

 The pivotal legal issue presented by this case is whether the
oral acceptance of a written settlement offer complies with the "in
writing" requirement of Rule 11? We conclude that it does not. Rule
11 provides:

 Unless otherwise provided in these Rules, no agreement between
 attorneys or parties touching any suit pending will be enforced
 unless it be in writing, signed and filed with the papers as part
 of the record, or unless it be made in open court and entered of
 record.

 Rule 11 was designed to avoid disputes concerning oral
settlement agreements. Padilla v. La France, 907 S.W.2d 454, 461
(Tex. 1995). In Kennedy v. Hyde, 682 S.W.2d 525 (Tex. 1984), the
Texas Supreme Court stated that the policy behind Rule 11 is clear.
"The rationale underlying Rule 11 is sensible and contributes to
efficient court administration. Agreements and stipulations are
welcomed by the courts because they limit the matters in controversy
and expedite trial proceedings. Rule 11 ensures that such agreements
do not themselves become sources of controversy, impending resolution
of suits. The requirements of Rule 11 are not onerous; the benefits
are substantial." Id. at 530 (emphasis added).

 So just what are the "non-onerous" requirements of Rule 11 as
they apply to the facts of this case? Clearly, the disputed agreement
touches upon a pending suit and, just as clearly, that agreement was
not made in open court and entered of record. Therefore, under the
facts of this case, in order to be enforceable, the only requirement
of Rule 11 is that the agreement be "in writing, signed and filed with
the papers as part of the record."[4]

 First, West Star contends that the "in writing" requirement of
Rule 11 is met by the Robisons’ written settlement offer itself and,
therefore, the trial court did not err in denying summary judgment
because the oral acceptance of that offer presented a disputed fact
issue. Secondly, West Star contends its oral acceptance followed by
written confirmation satisfies the "in writing" requirement of an
enforceable Rule 11 agreement.

 Even assuming that a factual dispute exists as to whether
McCathern did orally accept the settlement agreement in his May 7
telephone conversation with Carter, that is not a dispute pertaining
to a material issue because West Star's oral acceptance of the
Robisons’ written settlement agreement, even if it occurred, does not
comply with the "in writing" requirement of Rule 11.

 It is undisputed that prior to 5:00 p.m. on May 8, 2009, there
was no written document "signed" by West Star accepting the Robisons’
offer.[5] Because there was no written document binding West Star,
the existence of any settlement agreement cannot be ascertained
without resorting to oral testimony. Under these circumstances, the
purpose of the rule is furthered by requiring the written acceptance
of a settlement offer.

 Furthermore, in discussing the "in writing" requirement of Rule
11, the Texas Supreme Court has analogized that rule to the statute of
frauds, which also requires certain contracts be in writing before
they are enforceable.[6] Padilla, 907 S.W.2d at 460. Under the
statute of frauds, in order to form a binding contract by the
acceptance of a written offer, "the acceptance must be in writing."
Hill v. Rich, 522 S.W.2d 597 (Tex.Civ.App.--Austin 1975, writ ref'd
n.r.e.) (quoting Am. Nat'l Ins. Co. v. Warnock, 131 Tex. 457, 114
S.W.2d 1161, 1164 (1938)) (holding that the oral acceptance of a
written offer was ineffective to form a contract otherwise required to
be in writing); Walker Ave. Realty Co. v. Alaskan Fur Co., 131 S.W.2d
196, 200 (Tex.Civ.App.--Galveston 1939, writ ref'd) (holding oral
acceptance of written offer to lease real property was ineffective to
form a lease agreement). We believe that this statute of frauds
principle equally applies to Rule 11 agreements. Therefore, we
conclude the requirements of Rule 11 were not satisfied by West Star's
oral acceptance of the Robisons’ written settlement offer.

 Whether West Star's fax confirmation of its oral acceptance
satisfied the "in writing" requirement of an enforceable Rule 11
agreement is also immaterial for several reasons. One, the trial
court previously found that there was "not an agreement in compliance
with Texas Rule of Civil Procedure 11." Two, the express terms of the
settlement offer required acceptance by 5:00 p.m. on May 8, 2009, and
the record is devoid of any evidence of a pre-5:00 p.m. written
acceptance. Where a settlement offer prescribes a specific deadline
for acceptance, that deadline must be met in order to create a binding
settlement agreement. Padilla, 907 S.W.2d at 460. Finally, West Star
bore the burden of at least raising a fact issue concerning any pre-
5:00 p.m. written acceptance and it failed to do so.

 The dispute pending between the Robisons and West Star
concerning the settlement agreement in question is the very scenario
Rule 11 was designed to prevent. Because there was no written
acceptance in compliance with the terms of the Robisons’ settlement
offer, the trial court's decision to allow the settlement agreement
litigation to continue was a misapplication of the law to the facts,
i.e., a clear abuse of discretion. See Walker, 827 S.W.2d at 840.
Accordingly, we find the trial court did abuse its discretion in
denying the Robisons' motion for partial summary judgment.

 Adequate Remedy by Appeal

 Having satisfied the first requirement for mandamus relief, we
must now determine whether the Robisons had an adequate remedy by
appeal. While mandamus relief is generally not available when a trial
court denies summary judgment, it is not automatically unavailable
just because the complaining party may have some theoretical appellate
relief available at some time in the future. See In re United Servs.
Auto. Ass'n, 307 S.W.3d 299, 314 (Tex. 2010) (orig. proceeding) (trial
court directed to grant motion for summary judgment). See also State
Bar of Texas v. Heard, 603 S.W.2d 829 (Tex. 1980) (orig. proceeding)
(trial court directed to grant motion to suspend license to practice
law during pendency of appeal); In the Matter of the Marriage of J.B.
and H.B.; In re State of Texas, 326 S.W.3d 654, 681 (Tex.App.--Dallas
2010, pet. filed) (direct appeal and orig. proceeding). In those
cases where the benefits of mandamus relief outweigh the detriments,
an appellate court should not allow the hyper-technical application of
procedural devices and constructs to thwart the rule of law and the
ends of justice.

 Because the trial court erred in denying summary judgment, an
almost four-year-old personal injury cause of action has been put on
hold while the parties litigate an unenforceable settlement agreement.
 The Robisons have been forced to hire new counsel, and all parties,
including both the trial court and this Court, will be forced to
endure the delay, cost, and expense of both the litigation and
inevitable appeal of nothing more than an unenforceable oral
settlement of the abated personal injury cause of action. Considering
the merits of the contract cause of action, discussed hereinabove, we
find that denying mandamus relief would frustrate the purpose and
intent of Rule 11 by a "too strict application of our own procedural
devices." See In re McAllen Med. Ctr., 275 S.W.3d 458, 467 (Tex.
2008). See also In re United Servs. Auto. Ass'n, 307 S.W.3d at 314.
Accordingly, under the facts of this case, we believe the benefits of
mandamus review greatly outweigh the detriments and, accordingly, find
that the Robisons have no adequate remedy at law.

 Conclusion

 This is an exceptional case because it implicates not only the
basic principles of subject-matter jurisdiction in controversies
involving Rule 11 settlement agreements, it also implicates a party's
constitutional right to representation by counsel of his or her own
choosing. Denying mandamus relief in this case would thwart the
purpose and policy considerations underlying Rule 11, thereby
rendering it meaningless. Because these extraordinary circumstances
merit extraordinary relief, we conditionally grant the Robisons'
petition for writ of mandamus on the dismissal issue. Accordingly,
the trial court is directed to grant the Robisons' motion for partial
summary judgment as to the contract cause of action. The trial
court's orders severing the contract cause of action from the personal
injury cause of action, abating the personal injury cause of action,
and disqualifying the Robisons' attorneys in the severed contract
cause of action will be rendered moot thereby. Only if the trial
court fails to comply with this order will a writ issue.

 Per Curiam

-----------------------
[1]See Tex. Lab. Code Ann. §§ 401.001 - 419.007 (West 2006 and West
Supp. 2010).

[2]Plaintiff's Original Petition, filed January 29, 2009, also named A
& S Transportation, Inc. as a defendant.

[3]G. A. Stowers Furniture Co. v. Am. Indem. Co., 15 S.W.2d 544 (Tex.
Comm'n App. 1929, holding approved).
[4]There is no dispute as to whether an agreement was "filed with the
papers as part of the record." See Padilla, 907 S.W.2d at 461.

[5]A contract is "signed" if it contains an authentication that
identifies and binds the signing party. Tex. Bus. & Com. Code Ann. §
2.201, cmt. 1 (West 2009).

[6]The Statute of Frauds provides:

 (a) A promise or agreement described in Subsection (b) of this
 section is not enforceable unless the promise or agreement, or
 a memorandum of it, is
 (1) in writing; and
 (2) signed by the person to be charged with the promise
 or agreement or someone lawfully authorized to sign
 for him.

Tex. Bus. & Com. Code § 26.01 (West 2010) (emphasis added).