NO. 07-10-0515-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 23, 2011

 

______________________________

 

 

IN
RE: CHARLES ROBISON AND CHERIE ROBISON, 

RELATORS

_________________________________

 

ORIGINAL
PROCEEDING

ARISING
OUT OF PROCEEDINGS BEFORE THE 72ND thDISTRICT COURT 646646464DISTRICT COURT OF LUBBOCK COUNTY;  

NOS.
2009-546,118 & 2009-546,118-B, HONORABLE RUBEN G. REYES, JUDGE

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

            Relators, Charles Robison and Cherie Robison, (hereafter collectively,
"the Robisons") submit this petition for writ of mandamus complaining
of three separate orders of the trial court, entered in two separate causes of
action, arising out of a claim for personal injuries stemming from a
work-related injury suffered by Charles Robison while employed by the Real
Party In Interest, West Star Transportation, Inc., (West Star).  For the reasons that follow, we conditionally
grant their petition as to the dismissal of West Star's claims presently
pending in Cause No. 2009-546,118-B, thereby rendering moot their petition as
it pertains to the disqualification of the Robisons’ counsel in that cause and the
abatement of Cause No. 2009-546,118.

Background

            On or about April 23, 2007, Charles
Robison was injured when he fell while working for West Star.  Charles, joined by his wife, Cherie,
originally filed suit (hereafter the
"personal injury cause of action") against West Star, under the Texas
Workers' Compensation Act,[1]
which suit was assigned Cause No. 2009-546,118.[2]  West
Star, a non-subscriber, maintained an insurance policy with limits of $500,000.  During the course of this litigation,
pursuant to the Stowers doctrine,[3]
the Robisons offered to settle their personal injury cause of action for a sum
within West Star's policy limits.  The
Robisons' settlement offer expressly provided that the offer expired at 5:00
p.m. on May 8, 2009.  West Star maintains
that its counsel, Levi McCathern, verbally accepted that offer during a
telephone conversation with one of the Robisons' attorneys, Christopher Carver,
on May 7, 2009.  McCathern faxed a
written acceptance of the settlement offer to Judson Waltman, another attorney
for the Robisons, at 5:41 p.m. on May 8, 2009. 
A dispute then arose as to whether or not an enforceable settlement
agreement had been reached.  

            When
the Robisons refused to be bound by the disputed settlement agreement, West Star amended its answer on May 29, 2009, to include the
affirmative defense of settlement. In response, the Robisons filed a
no-evidence motion for partial summary judgment as to that defense, averring
that there was no effective settlement agreement because there was no meeting
of the minds and the settlement offer, as presented, was not timely accepted.  On July 31, 2009, West Star filed its
response to the Robisons' motion for partial summary judgment and it filed a
motion to enforce the settlement agreement. 
Thereafter, on November 24, 2009, West Star filed a counterclaim against
the Robisons alleging a breach of contract based upon the failure of the
Robisons to honor the purported settlement agreement.  

            On February 5, 2010, the
trial court denied West Star's motion to enforce the settlement agreement; and,
at the same time, ruled that the Robisons’ motion for partial summary judgment
was moot.  Six months later, on August
26, 2010, West Star filed a motion to sever its breach of contract counterclaim
from the Robisons’ personal injury cause of action.  Following a hearing on this motion, the trial
court stated that it was "of the opinion that there is not an agreement in
compliance with Texas Rule of Civil Procedure 11," but nevertheless denied
the Robisons’ motion for partial summary judgment (previously determined to be
moot), granted the motion to sever, and abated the personal injury cause of
action "until such time as Defendant West Star's counterclaim against
Plaintiffs Charles Robison and Cherie Robison is fully adjudicated."  The severed
cause of action (hereafter "the contract cause of action") was then
assigned Cause No. 2009-546,118-B.  On
September 20, 2010, in the contract cause of action, West Star filed its motion
to disqualify the Robisons’ counsel on the basis that they were witnesses to
necessary facts relevant to the contract cause of action, to-wit: the terms and
existence of the alleged oral settlement agreement.  On December 16, 2010, the trial court granted
West Star's motion to disqualify Carver and Waltman, but denied the motion to
disqualify as to the Lanier Law Firm, P.C. and the law firm of Christopher
Carver. 

            The Robisons now seek a
writ of mandamus from this Court directing the trial court to: (1) dismiss West
Star's breach of contract cause of action, (2) vacate its order abating the
personal injury cause of action, and (3) vacate its order disqualifying the
Robisons' counsel.  

Mandamus Standard of
Review

            In
order to be entitled to relief by writ of mandamus, a relator must meet two basic
requirements: (1) it must show that the trial court clearly abused its
discretion, and (2) it must show that they have no adequate remedy by
appeal.  In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998) (orig.
proceeding); Walker v. Packer, 827
S.W.2d 833, 840-44 (Tex. 1992) (orig. proceeding).  AMandamus issues only to correct a clear abuse of discretion
or the violation of a duty imposed by law when there is no other adequate
remedy by law.@ 
Walker, 827 S.W.2d at 839 (quoting Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)).  To establish an abuse of discretion, the
complaining party must demonstrate that the trial court acted unreasonably,
arbitrarily, or without reference to any guiding rules or principles.   See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1965).  Accordingly, an incorrect
construction of the law or a misapplication of the law to undisputed facts is
an abuse of discretion.  Walker, 827 S.W.2d at
840.  

            As to the second
requirement, no adequate remedy by appeal, there is no comprehensive definition of the word adequate.  Instead, the determination of whether or not
there is an adequate remedy by appeal is a matter left to the sound discretion
of the compelling court after a "careful balance of jurisprudential
considerations," including both public and private interests.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004) (orig.
proceeding); In the Matter of the
Marriage of J.B. and H.B.; In re State of Texas, 326 S.W.3d 654, 661 (Tex.App.--Dallas
2010, pet. filed) (direct appeal and orig. proceeding).  

            While
generally a mere
increase in the cost of litigation or a delay in the resolution of disputed
issues does not, per se, render
appellate review inadequate, In re Ford
Motor Co., 988 S.W.2d at 727, the
Texas Supreme Court has recognized that there are exceptional occasions where
the benefits of mandamus are so great that the available appellate procedures
are rendered inadequate: 

Mandamus review of
significant rulings in exceptional cases may be essential to preserve important
substantive and procedural rights from impairment or loss, allow the appellate
courts to give needed and helpful direction to the law that would otherwise
prove elusive in appeals from judgments, and spare private parties and the
public the time and money utterly wasted enduring eventual reversal of
improperly conducted proceedings.  An
appellate remedy is “adequate” when any benefits to mandamus review are
outweighed by the detriments.  When the
benefits outweigh the detriments, appellate courts must consider whether the
appellate remedy is adequate.  

 

In re Prudential Ins. Co. of Am., 148 S.W.3d at 136.

In
any event, when a petition for writ of mandamus is filed, the relator bears the
burden of showing entitlement to the relief requested.  Johnson,
700 S.W.2d at 917. 
Therefore, in order to be entitled to mandamus relief in this case, the Robisons
would have to establish (1) that the complained of decisions were a clear abuse
of discretion and (2) that they did not have an adequate remedy at law.

Analysis

            According to the Robisons' argument,
if the trial court would have granted their motion for partial summary judgment
seeking dismissal of West Star's contract cause of action, then there would
have been no need to abate the personal injury cause of action and no need to
disqualify their counsel in the contract cause of action.   As such,
the very gravamen of the Robisons' complaint is that the trial court erred
in denying their motion for partial summary judgment as to West Star's contract
cause of action.  In its Response to Relator's Petition for Writ of
Mandamus, West Star agrees; however, it contends that mandamus simply will
not lie to remedy the denial of a motion for partial summary judgment because
the Robisons have an adequate remedy by appeal. 
Therefore, for purposes of logical sequence, we will first review
whether the trial court abused its discretion by denying the Robisons' motion
for partial summary judgment and then review whether any remedy the Robisons might
have by appeal is adequate.

Abuse of
Discretion 

            The
Robisons, relying upon Rule 11 of the Texas Rules of Civil Procedure, contend
the trial court erred by denying their no-evidence motion for partial summary
judgment because West Star's contract cause of action relies upon an unenforceable settlement agreement.  Specifically, the Robisons contend that West
Star did not comply with Rule 11 by timely accepting their settlement offer in
writing.  West Star counters arguing that
because the Robisons' settlement offer did not specify a means of acceptance,
the offer could be accepted in any reasonable manner, including oral
acceptance.  West Star further contends
that because the settlement offer was timely accepted by McCathern's oral
acceptance on May 7, 2009, and because the fax confirmation of the oral
acceptance satisfies the "in writing" requirement of Rule 11, the
trial court did not err in denying the Robisons’ motion for partial summary
judgment.  We believe West Star confuses
general contract principles with the requirements of an enforceable settlement
agreement.  

            The
pivotal legal issue presented by this case is whether the oral acceptance of a
written settlement offer complies with the "in writing" requirement
of Rule 11?  We conclude that it does
not.  Rule 11 provides:

Unless otherwise provided in
these Rules, no agreement between attorneys or parties touching any suit
pending will be enforced unless it be in writing,
signed and filed with the papers as part of the record, or unless it be made in
open court and entered of record.

 

            Rule
11 was designed to avoid disputes concerning oral settlement agreements.  Padilla v. La France, 907 S.W.2d 454, 461 (Tex. 1995).   In Kennedy
v. Hyde, 682 S.W.2d 525 (Tex. 1984), the Texas Supreme Court stated that
the policy behind Rule 11 is clear. 
"The rationale underlying Rule 11 is sensible and contributes to
efficient court administration. 
Agreements and stipulations are welcomed by the courts because they
limit the matters in controversy and expedite trial proceedings.  Rule 11
ensures that such agreements do not themselves become sources of controversy,
impending resolution of suits.  The
requirements of Rule 11 are not onerous; the benefits are
substantial."  Id. at 530 (emphasis added). 


            So
just what are the "non-onerous" requirements of Rule 11 as they apply
to the facts of this case?  Clearly, the
disputed agreement touches upon a pending suit and, just as clearly, that
agreement was not made in open court and entered of record.  Therefore, under the facts of this case, in
order to be enforceable, the only requirement of Rule 11 is that the agreement
be "in writing, signed and filed with the papers as part of the
record."[4]

            First,
West Star contends that the "in writing" requirement of Rule 11 is met
by the Robisons’ written settlement offer itself and, therefore, the trial
court did not err in denying summary judgment because the oral acceptance of
that offer presented a disputed fact issue. 
Secondly, West Star contends its oral acceptance followed by written
confirmation satisfies the "in writing" requirement of an enforceable
Rule 11 agreement.

            Even
assuming that a factual dispute exists as to whether McCathern did orally
accept the settlement agreement in his May 7 telephone conversation with Carter,
that is not a dispute pertaining to a material issue because West Star's oral
acceptance of the Robisons’ written settlement agreement, even if it occurred,
does not comply with the "in writing" requirement of Rule 11.  

            It is
undisputed that prior to 5:00 p.m. on May 8, 2009, there was no written
document "signed" by West Star accepting the Robisons’ offer.[5]  Because there was no written document binding
West Star, the existence of any settlement agreement cannot be ascertained
without resorting to oral testimony. Under these circumstances, the purpose of the rule is
furthered by requiring the written acceptance of a settlement offer.

            Furthermore, in discussing the "in writing"
requirement of Rule 11, the Texas Supreme Court has analogized that rule to the
statute of frauds, which also requires certain contracts be in writing before
they are enforceable.[6]  Padilla,
907 S.W.2d at 460. 
Under the statute of frauds, in order to form a binding contract by the
acceptance of a written offer, "the acceptance must be in writing."  Hill v. Rich, 522 S.W.2d 597 (Tex.Civ.App.--Austin 1975, writ ref'd
n.r.e.) (quoting Am. Nat'l Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161, 1164
(1938)) (holding that the oral acceptance of a written offer was ineffective to
form a contract otherwise required to be in writing); Walker Ave. Realty Co. v. Alaskan Fur Co., 131 S.W.2d 196, 200
(Tex.Civ.App.--Galveston 1939, writ ref'd) (holding oral acceptance of written
offer to lease real property was ineffective to form a lease agreement). We
believe that this statute of frauds principle equally applies to Rule 11
agreements.  Therefore, we conclude the
requirements of Rule 11 were not satisfied by West Star's oral acceptance of
the Robisons’ written settlement offer.

            Whether West Star's fax
confirmation of its oral acceptance satisfied the
"in writing" requirement of an enforceable Rule 11 agreement is also
immaterial for several reasons.  One, the
trial court previously found that there was "not an agreement in
compliance with Texas Rule of Civil Procedure 11."  Two, the express terms of the settlement
offer required acceptance by 5:00 p.m. on May 8, 2009, and the record is devoid
of any evidence of a pre-5:00 p.m. written acceptance.  Where
a settlement offer prescribes a specific deadline for acceptance, that deadline
must be met in order to create a binding settlement agreement.  Padilla,
907 S.W.2d at 460. 
Finally, West Star bore the burden of at least raising a fact
issue concerning any pre-5:00 p.m. written acceptance and it failed to do so.

            The dispute pending between the Robisons and West Star concerning the
settlement agreement in question is the very scenario Rule 11 was designed to
prevent.  Because there was no
written acceptance in compliance with the terms of the Robisons’ settlement
offer, the trial court's decision to allow the
settlement agreement litigation to continue was a misapplication of the law to
the facts, i.e., a clear abuse of discretion. 
See Walker, 827 S.W.2d at
840.  Accordingly, we find the
trial court did abuse its discretion in denying the Robisons' motion for
partial summary judgment. 

Adequate Remedy by
Appeal

             Having satisfied the first requirement for
mandamus relief, we must now determine whether the Robisons had an adequate
remedy by appeal.  While mandamus relief
is generally not available when a
trial court denies summary judgment, it is not automatically unavailable just
because the complaining party may have some theoretical appellate relief
available at some time in the future.  See In re United Servs. Auto. Ass'n, 307 S.W.3d
299, 314 (Tex. 2010) (orig. proceeding) (trial court directed to grant motion
for summary judgment).  See also State
Bar of Texas v. Heard, 603 S.W.2d 829
(Tex. 1980) (orig. proceeding) (trial court directed to grant motion to suspend
license to practice law during pendency of appeal); In the Matter of the Marriage
of J.B. and H.B.; In re State of Texas, 326 S.W.3d 654, 681 (Tex.App.--Dallas 2010, pet. filed) (direct appeal
and orig. proceeding).  In those cases where
the benefits of mandamus relief outweigh the detriments, an appellate court
should not allow the hyper-technical application of procedural devices and
constructs to thwart the rule of law and the ends of justice.

            Because
the trial court erred in denying summary judgment, an almost four-year-old
personal injury cause of action has been put on hold while the parties litigate
an unenforceable settlement agreement. 
The Robisons have been forced to hire new counsel, and all parties,
including both the trial court and this Court, will be forced to endure the
delay, cost, and expense of both the litigation and inevitable appeal of nothing
more than an unenforceable oral settlement of the abated personal injury cause
of action.  Considering the merits of the
contract cause of action, discussed hereinabove, we find that denying mandamus relief would frustrate
the purpose and intent of Rule 11 by a "too strict application of our own
procedural devices."  See In re McAllen Med. Ctr., 275 S.W.3d 458, 467 (Tex. 2008).  See also
In re United Servs. Auto. Ass'n, 307 S.W.3d at 314. 
Accordingly, under the facts of this case, we believe the benefits of
mandamus review greatly outweigh the detriments and, accordingly, find that the
Robisons have no adequate remedy at law. 


Conclusion

            This is an exceptional case because
it implicates not only the basic principles of subject-matter jurisdiction in
controversies involving Rule 11 settlement agreements,
it also implicates a party's constitutional right to representation by counsel
of his or her own choosing.  Denying mandamus relief in this case would thwart the
purpose and policy considerations underlying Rule 11, thereby rendering it
meaningless.  Because these extraordinary
circumstances merit extraordinary relief, we conditionally grant the Robisons'
petition for writ of mandamus on the dismissal issue.  Accordingly, the trial court is directed to
grant the Robisons' motion for partial summary judgment as to the contract
cause of action.  The trial court's
orders severing the contract cause of action from the personal injury cause of
action, abating the personal injury cause of action, and disqualifying the
Robisons' attorneys in the severed contract cause of action will be rendered
moot thereby.  Only if the trial court fails
to comply with this order will a writ issue. 


                                                                                                Per
Curiam











[1]See Tex. Lab. Code Ann. §§ 401.001 - 419.007 (West
2006 and West Supp. 2010).

 





[2]Plaintiff's Original Petition, filed
January 29, 2009, also named A & S Transportation, Inc. as a defendant.

 





[3]G. A. Stowers Furniture Co. v. Am. Indem. Co., 15 S.W.2d 544 (Tex. Comm'n
App. 1929, holding approved).





[4]There
is no dispute as to whether an agreement was "filed with the papers as
part of the record."  See Padilla, 907
S.W.2d at 461.

 





[5]A
contract is "signed" if it contains an authentication that identifies
and binds the signing party.  Tex. Bus. & Com. Code Ann. §
2.201, cmt. 1 (West 2009).

 





[6]The
Statute of Frauds provides:

 

(a)        A promise or agreement described in Subsection (b) of this
section is not enforceable     unless the promise or agreement, or a
memorandum of it, is

(1)        in writing; and

(2)        signed
by the person to be charged with the promise or agreement or someone   lawfully authorized to sign for him.

 

Tex. Bus. & Com. Code § 26.01
(West 2010) (emphasis added).